**In re DAVIDSON LUMBER COMPANY, Debtor.**

**In re DAVIDSON TIMBER COMPANY, INC., Debtor.**

**In re MILLWORK CORPORATION, Debtor.**

**In re ALL AMERICAN ROOF TRUSS, Debtor.**

**In re U.S. IMPEX CORPORATION, Debtor.**

**In re MIRACLE ENTERPRISES CORP., Debtor.**

**Bankruptcy Nos. 82–00442–BKC–TCB, 82–00443–BKC–TCB and 82–00666–BKC–TCB to 82–00669–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Feb. 22, 1985.

See also 24 B.R. 49.

Robert G. Hewitt, Harper & Hewitt, Miami, Fla., for Trustee.

William Roemelmeyer, Miami Shores, Fla., Trustee.

Steven M. Kwartin, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Marilyn Koonce, Miami, Fla., W.B. Dickinson, Internal Revenue Service, Returns Classification Officer, for I.R.S.

## ORDER ON CLAIMS OF INTERNAL REVENUE SERVICE

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee has moved (C.P. No. 470) to strike the claims of the I.R.S. filed after the claims' bar date of March 2, 1983. The hearing scheduled for November 30, 1984 was continued, and this matter was heard on January 16, 1985.

The facts are undisputed. The issue, therefore, is whether the claim for $62,746 due the I.R.S. for recapture of the debtor's investment tax credit is allowed as (1) an administrative claim under 11 U.S.C. § 503(b) and, therefore, a first priority under § 507(a)(1), (2) an unsecured tax claim entitled to sixth priority under § 507(a)(6), or (3) an untimely filed claim.

The bankruptcy case was filed on March 2, 1982 under chapter 7. The claims' bar date was March 2, 1983. The trustee filed a tax return for the 1982 tax year on July 24, 1984. On August 27, 1984 an assessment was made by the I.R.S. against the debtor for taxes due in the amount of $62,-746 plus penalties and interest from the recapture of investment credit applied to certain equipment which was abandoned by the trustee. An earlier claim filed by the I.R.S. for corporate income taxes (Claim No. 22 in Case No. 82–00443) was allowed as tardily filed (C.P. No. 413).

Administrative claim status is denied to taxes that are not incurred in the operation of the debtor's business after the filing of the petition. *In re Westholt Manufacturing, Inc.*, 20 B.R. 368, 371 (Bkrtcy. D.Kan.1982), *aff'd sub nom. United States v. Redmond*, 36 B.R. 932 (D.Kan.1984). The determination of priority depends on when the tax is incurred, *i.e.*, the date of accrual rather than the date of assessment.

*In re Scrap Disposal, Inc.*, 24 B.R. 178, 180 (Bkrtcy.S.D.Calif.1982).

 I find that the claim is not for an administrative expense of the estate. Although the claim arose after the commencement of the case, it relates back to a pre-bankruptcy corporate income tax liability and was not incurred by the estate. *In re Carlisle Court, Inc.*, 36 B.R. 209, 217 (Bkrtcy.D.C.1983); *Scrap* at 180. I agree with my colleague in the well-reasoned decision in the only case directly on point, *In re Higgins*, 29 B.R. 196, 201 (Bkrtcy.N.D. Iowa 1983).

I have not overlooked the legislative history which notes the deletion from the final version of the law of the section which states that a claim for recapture of an investment tax credit shall be determined:

> "as if such claim had arisen before the date of the filing of the petition." S.Rep. 95–989, 95th Cong., 2d Sess. 65 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5851.

The Senate Report recommending that such claim be treated as an administrative claim did not result in an explicit provision in the Code or in subsequent amendments. Neither was the treatment of a recapture of investment tax credit resolved in the bankruptcy tax bill, as was intended. The I.R.S. in its memorandum of law (C.P. No. 487) concedes, and I agree, that this legislative history is inconclusive.

 A recent decision of the Eleventh Circuit concerning the allowability of an untimely filed claim of the I.R.S. is directly on point. *United States v. International Horizons, Inc., (In re International Horizons, Inc.)*, 751 F.2d 1213 (11th Cir.1985). The court states that the law permits amendment only where an original timely claim provided:

> "notice to the court of the existence, nature, and amount of the claim and that it was the creditors' intent to hold the estate liable." *Id.* at 1217.

The only proof of claim filed by the I.R.S. in this case which asserted a claim for corporate income tax was allowed as tardily filed. (C.P. No. 413). I agree with the trustee that the claim for taxes for corporate income including the recapture of investment credit, is an untimely filed claim in this case.

Accordingly, the claim of the I.R.S. at issue in the amount of $62,746 plus interest and penalties is denied § 507(a)(1) first priority as an administrative expense and is allowed as a tardily filed claim and, for the purposes of distribution, is subordinated to timely claims pursuant to § 726 of the Bankruptcy Code.