In the Matter of Francisco SANTIAGO VELA and Edmee Consuelo Vicens Gonzalez, Debtors.

Bankruptcy No. 84–01082.

United States Bankruptcy Court, D. Puerto Rico.

Feb. 2, 1988.

Charles A. Cuprill, Ponce, P.R., for debtors.

José F. Blanco, Asst. U.S. Atty., Hato Rey, P.R. and Steven Carlton, IRS, Washington, D.C., for the government.

## OPINION AND ORDER

LAFFITTE, District Judge, sitting by designation.

### I.

On December 17, 1987 this Court held a continued hearing on a motion to convert or dismiss filed by the United States on behalf of its Internal Revenue Service. At such hearing the various interested parties presented their respective positions as to conversion of the case to a Chapter 7 liquidation vis a vis a dismissal. In addition, the debtors, through counsel, admitted that there remained due and owing certain post-petition federal tax obligations previously claimed by the Internal Revenue Service. The debtors have argued that the self-employment tax liability for the taxable year 1984 has been incorrectly claimed by the

Internal Revenue Service as an exclusively post-petition tax, rather than segregating the tax into divisible portions, one pre-petition and the other post-petition. Should the tax be divisible as argued by the debtors, then the pre-petition portion would be covered by the debtors' proposed plan of reorganization.

The United States has argued, however, that the self-employment tax for taxable year 1984 was correctly characterized as a post-petition tax. Given the debtors' admission that the post-petition taxes contained on the administrative claim filed by the Internal Revenue Service had not been paid, the United States asserted that "cause" existed for conversion or dismissal of this case pursuant to 11 U.S.C. sect. 1112(b). In light of the foregoing the Court makes the following factual findings:

1. The debtors' bankruptcy petition was filed on October 1, 1984.

2. As of December 17, 1987 the debtors had failed to have a plan of reorganization confirmed by this Court.

3. The debtors failed to timely file their self-employment tax return for the taxable year 1984, and failed to timely pay the amounts then due for such taxable year.

4. On or about November 18, 1987 the Internal Revenue Service filed a request for payment of internal revenue taxes, representing post-petition federal tax obligations of the debtors in the amount of $13,668.18, of which $7,811.71 represented the unpaid liability from the self-employment tax due for taxable year 1984 ("1040 PR").

5. The taxes described above remained unpaid as of December 17, 1987, which liability was not disputed by the debtors.

## II.

■ Inasmuch as a major portion of the unpaid post-petition taxes relates to the self-employment tax for 1984, the initial issue that this Court must decide is whether the debtors are entitled to have a portion of the tax for that year allocated to pre-petition status. Section 1398 of the Internal Revenue Code, as amended (26 U.S.C.), readily provides the answer to this issue. Section 1398(d)(2) generally provides that a debtor in Chapter 11 may elect to treat the taxable year in which the bankruptcy petition was filed as two separate taxable years; one year would end on the day prior to the filing of the bankruptcy petition, and the second would begin on the petition date and continue for the duration of the taxable period.

> [T]he debtor may * * * elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years—
>
> (i) the first of which ends on the day before the commencement date, and
>
> (ii) the second of which begins on the commencement date.

26 U.S.C. sect. 1398(d)(2)(A).

This statute provides the mechanism by which the debtors claim that they are entitled to allocate a portion of the 1984 self-employment tax to pre-petition status. The statutory right delineated above is not absolute, however.

Section 1398(d)(2)(D) provides, *inter alia*, that "[a]n election under subparagraph (A) or (B) may be made only on or before the due date for filing the return for the taxable year referred to in subparagraph (A)(i)."[1] The debtors concede that the re-

---

1. The relevant provisions of 26 U.S.C. sect. 1398 state:

  (a) Cases to Which Section Applies.—

  Except as provided in subsection (b), this section shall apply to any case under chapter 7 (relating to liquidations) or chapter 11 (relating to reorganizations) of title 11 of the United States Code in which the debtor is an individual.

     *    *    *    *    *    *

  (d) *Taxable year of debtors.*—

  (1) General rule.—Except as provided in paragraph (2), the taxable year of the debtor shall be determined without regard to the case under title 11 of the United States Code to which this section applies.

  (2) Election to terminate debtor's year when case commences.—

  (A) *In general.*—Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years—

  (i) the first of which ends on the day before commencement date, and

  (ii) the second of which begins on the commencement date.

turn for their 1984 self-employment tax was not timely filed. Accordingly, the debtors are not entitled to segregate the 1984 self-employment tax into partially pre-petition and partially post-petition amounts. The Internal Revenue Service correctly claimed the entire amount as a post-petition obligation when the debtors failed to timely filed the self-employment tax return for 1984. Thus, there remains due and owing to the United States a sum in excess of $13,000 in post-petition taxes.[2]

■ A determination as to whether cause exists to convert or dismiss a Chapter 11 case pursuant to 11 U.S.C. sect. 1112(b) rests within the sound discretion of the Court. *IN RE LEVINSKY*, 23 B.R. 210, 217 (Bankr.E.D.N.Y.1982).

■ The burden of proof for conversion or dismissal lies with the moving party. *IN RE EARTH SERVICE, INC.*, 27 B.R. 698 (Bankr.D.Vt.1983). *See also*, 2 Collier, *Bankruptcy Practice Guide*, Sect. 37 (1987). This burden may be met, however, by demonstrating the existence of any one of the nine statutory grounds for conversion that are enumerated in Section 1112(b)

of the Bankruptcy Code, or by showing other cause.[3] *IN RE ECONOMY CAB & TOOL CO., INC.*, 44 B.R. 721, 724 (Bankr. D.Minn.1984).

■ As to this case, the United States has asserted that the debtors' failure to pay their post-petition federal tax obligations constitutes a continuing loss to the estate and evidences the absence of a reasonable likelihood of rehabilitation under Section 1112(b)(1). The Court agrees that the unpaid administrative claim of the Internal Revenue Service dated November 18, 1987, satisfies the first part of the ground for conversion set forth in Bankruptcy Code Section 1112(b)(1). The second criterion of Section 112(b)(1) also exists in this case. Given the debtors' undisputed post-petition federal tax liability, coupled with claims by the Federal Deposit Insurance Corporation (FDIC) and Guaynabo Federal Savings, and the fact that no plan of reorganization has been confirmed during the three years pendency of this case, the Court finds that there is no reasonable likelihood of rehabilitation. This consti-

* * * * * *

(D) *Time for making election.*—An election under subparagraph (A) or (B) may be made only on or before the due date for filing the return for the taxable year referred to in subparagraph (A)(i). Any such election, once made, shall be irrevocable.

(E) *Returns.*—A return shall be made for each of the taxable years specified in subparagraph (A).

(F) *Annualization.*—For purposes of subsections (b), (c), and (d) of section 443, a return filed for either of the taxable years referred to in subparagraph (A) shall be treated as a return made under paragraph (1) of subsection (a) of section 443.

(3) *Commencement date defined.*—For purposes of this subsection, the term "commencement date" means the day on which the case under title 11 of the United States Code of which this section applies commences.

2. At the hearing, debtors tendered a check in the amount of $5,700 to the Internal Revenue Service as the amount owed in post-petition taxes.

3. 11 U.S.C. sect. 1112(b) provides:
(b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case

under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
(2) inability to effectuate a plan;
(3) unreasonable delay by the debtor that is prejudicial to creditors;
(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;
(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
(7) inability to effectuate substantial consummation of a confirmed plan;
(8) material default by the debtor with respect to a confirmed plan;
(9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
(10) nonpayment of any fees or charges required under chapter 123 of title 28.

tutes "cause" for conversion to Chapter 7. 11 U.S.C. sect. 1112(b)(1).

 The United States also has asserted that "cause" for conversion exists under 11 U.S.C. sect. 1112(b)(3), for "unreasonable delay." The United States has been deprived of the benefit and use of its lawful tax proceeds. This Court finds that the failure of the debtors to timely file and pay their post-petition federal taxes constitutes unreasonable delay as such terms are used in the Bankruptcy Code. The Court finds that the unreasonable delay in paying the post-petition taxes constitutes additional "cause" for conversion of this case to a liquidation proceeding under Chapter 7. 11 U.S.C. sect. 1112(b)(3).

Based on the foregoing findings of fact and conclusions of law, this case is hereby converted to Chapter 7. An appropriate order shall issue.