**In re Jerald A. TURBOFF, Debtor.**

**Bankruptcy No. 87–07037–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 24, 1988.

**524**

Joel P. Kay, Sheinfeld, Maley & Kay, Houston, Tex., for debtor.

Annie O. Fabio, Brill, Sinex & Hohmann, Houston, Tex., for First Texas Sav. Ass'n.

Rhett G. Campbell, Morris & Campbell, Houston, Tex., for Gertner, Aron Ledet Investments.

## MEMORANDUM AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing the Emergency Motion for Authority to Disburse Funds to the Internal Revenue Service filed by Debtor, Jerald A. Turboff, and after considering the pleadings, memoranda and arguments of counsel, the court enters the following Order. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

On July 27, 1987 a voluntary Chapter 11 reorganization petition was filed on behalf of Debtor, Jerald A. Turboff. Thereafter, on January 29, 1988 the court granted a Motion for Authority to Sell Property of the Estate whereby the Debtor's ten percent (10%) interest in certain property known as the Longpoint Shopping Center was sold, generating approximately sixty-five thousand, six hundred sixty-seven dollars, and sixty-nine cents ($65,667.69) which is presently being held by the Debtor subject to further order of this court. In addition, on February 25, 1988 the court authorized the Debtor to sell certain real property in Windermere Subdivision, Piney Point Village which sale resulted in proceeds approximating thirty-six thousand, four hundred thirteen dollars, and eight cents ($36,413.08), said sums held by Debt-

or and also subject to further orders of this court. On April 14, 1988 the Debtor filed an Emergency Motion for Authority to Disburse Funds to the Internal Revenue Service ("IRS") to which two creditors, First Texas Savings Association (First Texas) and Gertner, Aron & Ledet Investments ("GALI"), filed objections.

The Debtor, with the advice of his accountant, determined that for the calendar year ending December 31, 1987, additional federal income taxes were due and owing in an approximate amount of ninty thousand dollars ($90,000.00). In order to avoid incurring penalties and interest, all tax liabilities were to be paid as of April 15, 1988. Debtor claims to have insufficient funds to make the required payment and thus proposes that the tax liability be paid by using the proceeds of the previously authorized sales.

First Texas objected to the use of the sale proceeds for payment of the Debtor's individual income taxes for 1987 on various grounds. These include the following: 1) use of the proceeds would give special treatment to the IRS as a pre-petition creditor by allowing IRS a higher priority than that prescribed by 11 U.S.C. § 507(a)(7), which outlines the priority of various claims; 2) payment of taxes should be considered and provided for pursuant to an approved Plan of Reorganization; 3) taxes that are due and owing are partially the obligation of the Debtor's spouse who is not a party to the present bankruptcy; and 4) Debtor's motivation for requesting payment out of the sale proceeds in order to avoid penalties and interest is unfounded as the Internal Revenue Code provides relief for failure to make timely payment of a tax due to the pendency of a bankruptcy case.

GALI also objected to Debtor's use of the sale proceeds. GALI contends that if payment from the sale proceeds is allowed, it would give the tax liability a higher priority than it is accorded under 11 U.S.C. § 507(a). In addition, GALI claims that the Debtor had the sum of thirty-three thousand, three hundred nine dollars ($33,-

309.00) available as of March 31, 1988 to apply to the taxes owed. Further, GALI contends that the Debtor's spouse has approximately twenty-one thousand dollar ($21,000.00) in a liquid investment account which should also be used for payment of the taxes since this liability is partially an obligation of Debtor's spouse.

 The initial issue to be resolved by this court is whether the bankruptcy estate is liable for the estimated income taxes. The statute applicable to resolution of this issue is Section 1398 of the Internal Revenue Code which details how federal income tax attributes and liabilities are to be allocated between the bankruptcy estate and the debtor. 26 U.S.C. § 1398. The Bankruptcy Tax Act of 1980 added § 1398 to the Internal Revenue Code and includes specific rules with regard to an individual debtor who enters certain bankruptcy proceedings. Pub.L. No. 96–589, 94 Stat. 3389 (1980). The rules set forth in the Act apply to any bankruptcy case of an individual debtor brought under Chapter 7 (relating to liquidations) or Chapter 11 (relating to reorganizations) of Title 11 of the United States Code, which commences on or after March 25, 1981.

Prior to 1980, the Internal Revenue Code did not provide rules concerning the bankruptcy estate of an individual debtor. Nevertheless, the Internal Revenue Service took the position that the estate, which was an entity created under the bankruptcy laws, was a new, separate entity, which necessitated the filing of a return for the estate if the gross income of the estate was at least six hundred dollars ($600.00). Rev. Rul. 72–387, 1972–2 CB 632; Rev.Rul. 78–134, 1978–1 CB 197. Consequently, there was uncertainty and litigation concerning the liability of the bankruptcy estate and the debtor for federal income taxes. The Bankruptcy Tax Act of 1980 was designed to provide the first comprehensive statutory treatment of these issues. Federal Tax Aspects of Bankruptcy § 3.01 *et seq.;* Committee Report on P.L. 96–589.

Under the 1980 Act, when an individual enters a bankruptcy proceeding under Chapter 7 or Chapter 11, a separate taxable entity is created which succeeds to the assets, liabilities, and certain tax attributes of the debtor. The separate entity is called the bankruptcy estate and is wholly distinct from the individual for income tax purposes, and each entity must file separate income tax returns for the period of the bankruptcy proceeding. 26 U.S.C. § 1398. With regard to the individual debtor, once the bankruptcy estate is established, the debtor may irrevocably elect to close his or her taxable year at the date of bankruptcy. 26 U.S.C. § 1398(d)(2).

If the election under § 1398(d)(2) is made, the debtor's taxable year, which otherwise would include the commencement date of the bankruptcy, is divided into two "short" taxable years of less than twelve months. The first such year ends on the day before the commencement date and the second such year begins on the commencement date. 26 U.S.C. § 1398(d)(2)(A). If the election were not made, the commencement of the bankruptcy case does not affect the taxable year of an individual debtor. 26 U.S.C. § 1398(d)(2).

As a result of a debtor's making the election, his or her Federal income tax liability for the first short taxable year becomes (under bankruptcy law) an allowable claim against the bankruptcy estate as a claim arising before bankruptcy. 11 U.S.C. § 101(4); 11 U.S.C. § 502(i). Accordingly, any tax liability for that year is collectible from the estate, depending on the availability of estate assets to pay debts of that priority. 11 U.S.C. § 507. In the event that any of the tax liability for an electing debtor's first short taxable year is not dischargeable, the individual debtor remains liable for any amount not collected out of the bankruptcy estate. 11 U.S.C. § 523(a)(1). If the debtor does not make the election, no part of the debtor's tax liability from the year in which the bankruptcy case commences is collectible from the estate, but is collectible directly from the individual debtor. Thus, the taxable year of the debtor is determined without regard to the bankruptcy proceeding. 11 U.S.C. § 1398(d)(1); Committee Report on

P.L. 96–589; 88 Vol. 8 Stand.Fed.Tax Rep. (CCH) ¶ 4849Y, ¶ 4849YE.

The election pursuant to § 1398 must be made on or before the 15th day of the fourth month following the commencement date, i.e., by the date on which a return would be due for the first short taxable year if the election were made, determined without regard to any extension for filing such return. This is the same amount of time an individual taxpayer normally has to file a tax return after the close of the taxable year. Once the election is made, it is irrevocable. 28 U.S.C. § 1398(d)(2)(D).

As to the present case, the uncontroverted testimony of Mr. Rosenbaum, Debtor's certified public accountant, reflects that in regard to the election available under § 1398, the Debtor failed to close his 1987 taxable year effective on the date of the filing of the bankruptcy. In addition, at oral argument on the pending motion and in his submitted memoranda, the Debtor specifically admits no election was made. Thus, this court finds that no election under 26 U.S.C. § 1398 has been made and as such, pursuant to said section, the Debtor's tax liability for 1987 is not an allowable claim collectible from the estate. The Debtor's 1987 tax liability including penalties and interest is solely collectible directly from the individual Debtor. The Debtor claims he lacked the pertinent information to timely elect; however, the reasons for the Debtor's failing to make the election are irrelevant to the application of § 1398 and this court's determination.

As a result of the court's finding, it is not necessary to address the issue of whether payment of this tax liability from sale proceeds is appropriate. In addition, the court need not determine whether Debtor's spouse is partially liable for the payment of the 1987 taxes nor any other grounds propounded by First Texas or GALI.

Pursuant to the court's findings, it is clear that 11 U.S.C. § 507 and § 523, detailing priorities and dischargability of claims in regard to the bankruptcy estate, are not applicable and no judicial analysis of these sections is required. These sections would be applicable only in the event that the bankruptcy estate was liable for the estimated 1987 income taxes.

Accordingly, it is

ORDERED that the Debtor's Emergency Motion for Authority to Disburse Funds to the Internal Revenue Service is hereby Denied; it is further,

ORDERED that the bankruptcy estate is not liable for the Debtor's 1987 estimated income taxes, including any outstanding penalties and interest.