**In re Waldo GONZALEZ d/b/a Waldo Gonzalez, M.D., P.A., Debtor.**

**Bankruptcy No. L–86–00156.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

Dec. 12, 1989.

William Sheehy, Wilson, Miller, Spivey, Sheehy & Knowles, Tyler, Tex., for debtor Waldo Gonzalez.

Christopher S. Cole, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for U.S. (IRS).

---

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of the Debtor's Objection to the Proof of Claim of Internal Revenue Service pursuant to regularly scheduled hearing on December 5, 1989. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and disposes of the issues presented to the Court.

There is really no factual dispute between the parties as all pertinent facts necessary for determination of the case were stipulated to by the litigants. This case arises because of the tax liability incurred by the Debtor as a result of the premature termination of the Debtor's qualified pension plan. The Objection to the Internal Revenue Service Proof of Claim is not that the Claim is too large but that the Claim is zero. Pursuant to a previous Order of this Court the Internal Revenue Service filed a Proof of Claim reflecting a zero amount. The parties agree that in spite of the Proof of Claim Debtor has a liability to the Internal Revenue Service that was originally $38,000 plus interest and penalty and is now slightly in excess of $29,000 plus penalty. The dispute centers around whether or not the tax debt is a debt of the Bankruptcy Estate or whether the tax debt is a debt arising subsequent to the entry of the Order for relief which the Debtor must discharge from post-petition earnings.

The pertinent facts are that the qualified retirement plan was terminated prior to the Debtor's filing of his petition for relief on or about February 23, 1986. The termination took place between January 1, 1986, and the filing of the petition in late February, 1986. The Debtor then filed his 1986 tax return at the conclusion of calendar year 1986 and reported therein the customary income, expenses and tax calculation for the entire calendar year 1986. While the Internal Revenue Service does not concede that the calculations are correct, it does stipulate the tax return is correctly filed subject to recalculation or audit by the Internal Revenue Service. The accuracy of the tax return is not in question in this proceeding since the only funds at issue are the funds revealed to be due by the tax payer's self-assessment filing of his 1986 income tax return.

The Internal Revenue Service takes the position that since the filing date of the tax return was subsequent to the Debtor's Petition in Bankruptcy, it is a post-petition tax liability. The Internal Revenue Service cannot properly assert a claim in the Bankruptcy Estate for a post-petition liability as it would for a tax liability that arose prior to the date of filing.

The Debtor takes the position that the event which triggered the tax liability was the termination of the qualified pension plan within calendar year 1986. Since this taxable event took place prior to the entry of the Order for Relief, the tax should be considered a pre-petition liability and should be paid as a priority claim out of funds held by the Trustee before the remainder of those funds are distributed to unsecured Creditors. The IRS position is simply that there was no pre-petition tax liability. It is axiomatic that there can be no Proof of Claim filed for a post-petition tax liability. The argument of Defendant is that the tax liability should be considered a priority claim under 11 U.S.C. § 507(a)(7)(A)(iii). The litigants cited no jurisprudence to the Court but relied on statutory interpretation to support their positions.

The Debtor could have availed himself of the provisions of Title 26 § 1398(d)(2) and terminated the taxable year 1986 on the day before the date of the filing of his Petition in Bankruptcy. That would have had the effect of creating a pre-petition liability for the short year period from January 1, 1986, to February 22, 1986, and to the extent that the tax liability was applicable to that period it would have been a pre-petition liability that would have fit squarely under 11 U.S.C. § 507(a)(7)(A)(iii). Since the Debtor did not take advantage of his right to terminate his taxable year as of the day before the date of commencement of his case, the entire tax liability for calen-

dar year 1986 becomes a post-petition liability. The tax liability does not arise until the close of the calendar year and is not due until the time for filing the return. See U.S.C. 26 § 6151.

Debtor makes a strong argument that relief should be granted to him based on equitable principles since all of the tax liability is created by pre-petition earnings and only becomes due because of the termination of the qualified pension plan prior to the filing of the Petition in Bankruptcy. In effect, the Debtor is arguing that the Court should grant him relief on equitable principles when he had available to him a statutory scheme which would have guaranteed the relief he now seeks if he had but followed the scheme. The Debtor had an absolute right to terminate his taxable year prior to the filing of the Petition and if he had done so, there would be no question but that the tax liability was a pre-petition liability that was entitled to priority under 11 U.S.C. § 507. In this case there is simply no claim for a pre-petition tax liability that can be granted priority. The District Court for the District of Colorado was faced with a similar problem in the case of *In Re Starkey*, 49 B.R. 984 (D.Colo., 1984) where they stated at page 987 "The taxes for 1981 are not entitled to priority under § 507(a), (b) because the taxable year ended *after* and not before the filing of the Bankruptcy Petition." (emphasis in original)

It is the Court's opinion that the Debtor's position is not well taken and that the Debtor's Objection to the Internal Revenue Service Proof of Claim should be DISMISSED.