**In re William C. MOORE and Jean L. Moore, Debtors/Movants.**

**v.**

**INTERNAL REVENUE SERVICE, Respondent.**

Bankruptcy No. 88–03387JLC.
Motion No. 91–2431M.

United States Bankruptcy Court, W.D. Pennsylvania.

July 25, 1991.

R. Scott Clarke, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Morton B. DeBroff, Pittsburgh, Pa., for debtors/movants.

### MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

The matter presently before this Court is the debtor's objection to the claim of the Internal Revenue Service that their 1988 taxes are post-petition obligations.

The debtors' objection is denied and the claim of the Internal Revenue Service is granted in the amount of $35,538.68.

FACTS

On December 15, 1988 William C. Moore and Jean Moore filed for protection under Chapter 11. After filing bankruptcy, the parties stipulated that the Internal Revenue Service (hereinafter "I.R.S.") had a pre-petition tax claim for the years from

1980–1986 in the amount of $228,677.92. The parties agreed that this claim would be paid in monthly installments of $4,352.67 over seventy-two months.

However, there was disagreement between the parties as to the status of the taxes due for the year 1988. The I.R.S. initially claimed that $35,538.68 was owed as an administrative claim and as such was not dischargeable. The I.R.S. no longer insists that this is an administrative claim but that it is a post-petition claim.

The Moores contend that because their income for the year of 1988 was earned prior to December 15th that it should therefore be classified as a pre-petition claim. However, upon filing bankruptcy William Moore did not take action to end his tax year.

The I.R.S. asserts that because the Moores failed to end their tax year at the time of filing, their 1988 income should be considered a post-petition obligation. The I.R.S. argues that an individuals taxes are not technically due until the end of the year, which in this case would make them due after the bankruptcy was filed.

The issue this court must decide is whether the taxes owed by the Moores to the I.R.S. should be considered as a post-petition obligation.

ANALYSIS

To make this determination this court must look to the Internal Revenue Code Section 1398. This section, which applies to both Chapters 7 and 11, allows the debtor to make the decision as to whether the debtor should divide his tax year into two short taxable periods or remain with one tax year. Section 1398 in pertinent part states:

**Rules relating to individual title 11 cases**

**(a) Cases to which section applies.—** Except as provided in subsection (b), this section shall apply to any case under chapter 7 (relating to liquidations) or chapter 11 (relating to reorganizations) of title 11 of the United States Code in which the debtor is an individual.

**(b) Exceptions where case is dismissed, etc.—**

**(1) Section does not apply where case is dismissed.—**This section shall not apply if the case under chapter 7 or 11 of title 11 of the United States Code is dismissed.

\* \* \* \* \* \*

**(d)(2) Election to terminate debtor's year when case commences.—**

**(A) In general.—**Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the Debtor's taxable year which includes the commencement date as 2 taxable years—

(i) the first of which ends on the day before the commencement date, and

(ii) the second of which begins on the commencement day.

26 U.S.C. § 1398.

Various bankruptcy courts have ruled on the issue of shortened tax years. *See, In re Eith*, 111 B.R. 311 (Bkrtcy.D.Hawaii 1990); *In re Gonzalez*, 112 B.R. 10 (Bkrtcy. E.D.Tex.1989); *In re Mirman*, 98 B.R. 742 (Bkrtcy.E.D.Va.1989); *In re Turboff*, 93 B.R. 523 (Bkrtcy.S.D.Tex.1988); *In the Matter of Santiago Vela*, 87 B.R. 229 (Bkrtcy.D.Puerto Rico 1988). These cases provide direction in analyzing section 1398.

Should the debtor choose to divide his tax year, his liability for the shortened year becomes an allowable claim against the bankruptcy estate as a claim arising before bankruptcy. *In re Mirman*, 98 B.R. at 745. When an individual decides to shorten his tax year, a separate entity, which is distinct from the individuals, is created. Both the individual and the estate would file separate tax returns for the period of the bankruptcy. *In re Turboff*, 93 B.R. at 525. Upon choosing to divide an individuals tax year into two entities, the election must be made in accordance with section 1398. The election must be made on or before the 15th day of the fourth month following the commencement date. The reason behind the 15th being the date the tax return would be due for the first shortened year is because this is the nor-

mal amount of time an individual taxpayer is given to file a tax return at the close of the taxable year. *Id.* at 526. The *Turboff* court stated "Once an election is made it is irrevocable." *Id.* Conversely, if the election to separate the tax year is not made at the appropriate time, no separate entity is created and the tax liability for the entire year is collectable directly from the individual debtor and no portion will be collected from the debtors bankruptcy estate. *Id.* at 525.

*In re Mirman* also noted that even if tax liabilities seem to fall under sections 502 and 507(a)(2) of the Bankruptcy Code, this alone is not sufficient to classify them as pre-petition. "... [T]hese provisions [502 and 507] are effective to bring the claim of the I.R.S. into the debtors bankruptcy estate only if the debtors make an election under 26 U.S.C. 1398(d)." *Id.* at 745. The court in *In re Mirman* also stated that, although this was a Chapter 7 filing, the outcome would be the same even if a debtor had converted to Chapter 11 in an attempted to take advantage of the section 1398 option. The court recognized that section 1398 applies to Chapter 7 in the same manner as it does to chapter 11. When the time to shorten the tax year has past, the option has passed regardless of conversion. *Id.* at 746.

In the present case the debtors elected not to take the section 1398 option. Therefore, under section 1398 once the time to file has passed the debtors can not shorten their tax year.

The Moore's objection is denied and the claim of the I.R.S. is granted in the amount of $35,538.68.