**In re: HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

Bankruptcy Nos. 89–9715–8P1 to 89–9746–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 11, 1993.

Don Stichter, Tampa, FL, and Michael Crames, Kaye, Scholer, Fierman, Hays, New York City, for debtors.

## ORDER ON APPLICATION FOR ALLOWANCE OF THE INTERNAL REVENUE SERVICE FOR ADMINISTRATIVE CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THESE are consolidated yet-to-be confirmed Chapter 11 cases of Hillsborough Holdings Corporation and its 32 wholly-owned subsidiaries (Debtors), and the matter under consideration is an Application for Allowance of an Administrative Claim filed by the United States of America, Internal Revenue Service (IRS), and Objection to the Application filed by the Debtors. In their Application, the IRS seeks an allowance pursuant to § 502(a) of the Bankruptcy Code as a cost of administration corporate income taxes allegedly incurred by the Debtor after the commencement of these Chapter 11 cases. The facts which are relevant to the matter under consideration and are without dispute can be summarized as follows:

The Debtors elected pursuant to 26 U.S.C. § 425 to operate on a fiscal, as distinguished from a calendar year, basis. Thus, their fiscal year runs from June 1st each year until May 31st through the following year. The Debtors filed their respective Petitions for Relief under Chapter 11 of the Bankruptcy Code on December 27, 1989. In due course, the Debtors filed their consolidated tax return for the tax year for 1989–1990. The Debtors paid in full the pro-rata portion of the total taxes accrued between December 27, 1989, the date of commencement of these Chapter 11 cases, and May 31, 1990, the end of this fiscal year. Remaining unpaid is the portion which accrued prior to the commencement of these cases. It is the contention of the IRS that taxes accrued after the commencement of these cases are properly claimed as costs of administration pursuant to § 503(b).

The IRS filed an application seeking allowance of the pre-petition taxes as an administrative expense pursuant to § 503(b)(1)(B) of the Bankruptcy Code. The IRS contends that these taxes were incurred post-petition on the last day of the Debtors' tax year. The Debtor filed a re-

sponse to the Application and contends that the pre-petition taxes were not incurred by the estate and, therefore, cannot be attributed administrative priority.

■ Section 503 of the Bankruptcy Code provides in pertinent part, as follows:

§ 503.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including—

(1)(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in § 507(a)(7) of this title;

.    .    .    .    .

Section 503 sets out two requirements to be satisfied to allow a claim for administrative expense. The tax must not be a kind specified under § 507(a)(7), and the tax must be incurred by the estate. § 507(a)(7) accords priority for taxes which were not assessed before, but were assessable after the commencement of the case. It is clear that the IRS claim fits squarely in this category, as the taxes were not assessed before the commencement of the case and were assessable, and assessed after the commencement of the case.

■ This leaves for consideration whether the tax accruing from June 1, 1989 through December 27, 1989 the date of the commencement of the case, was incurred by the estate. In this regard, it is important to note at the outset that administrative expenses should include taxes which the trustee, and, in Chapter 11 cases, the Debtor–in–Possession, incurs in administering the estate, including taxes based on capital gains from sales of property and taxes on income earned by the estate during the case post-petition. S.Rep. No. 989, 95th Cong.2d Sess. 66 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5852. Accordingly, to the extent that income is not earned by the estate during the case, but is instead earned by the pre-petition debtor, any tax liability on that income is not entitled to an administrative expense priority. *In re O.P.M. Leasing Services, Inc.,* 68 B.R. 979 (Bankr.S.D.N.Y.1987).

■ Furthermore, a majority of courts have held that the date the taxes are accrued, rather than the date of assessment, is the date which controls. *United States v. Redmond,* 36 B.R. 932 (D.Kan.1984), *citing In re Scrap Disposal, Inc.,* 24 B.R. 178 (Bankr.S.D.Cal.1982); *In re Overly–Hautz Co.,* 57 B.R. 932 (Bankr.N.D.Ohio 1986); *In re Davidson Lumber Co.,* 47 B.R. 597 (Bankr.S.D.Fla.1985). The mere fact that assessment of a tax does not occur until after the Bankruptcy petition is filed does not result in a tax relating to pre-petition activities being allowed as an administrative expense. To the extent that income was not earned by the estate during part of the tax year, but instead earned by the pre-petition debtor, the tax was not incurred by the estate and was not entitled to administrative expense. *In the Matter of O.P.M. Leasing Services, Inc., supra.*

The claim sought by the IRS to be allowed as an administrative expense relates to income received between June 1, 1989, through December 27, 1989, the date the Chapter 11 case was filed by these Debtors, this income is clearly attributable to pre-petition activities. To charge the estate with these taxes as cost administration is a proposition which this Court is unwilling to accept. Therefore, this Court is satisfied that the taxes incurred pre-petition by the Debtor are not properly allowable as costs of administration pursuant to § 503.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection of the Debtor to the Application for Allowance of Administrative Expense filed by the Debtor is hereby sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Allowance of Administrative Expense filed by the IRS is hereby denied.

DONE AND ORDERED.