In re **PACIFIC–ATLANTIC TRADING COMPANY, a California corporation, Debtor.**

Edward F. **TOWERS, Trustee For Pacific–Atlantic Trading Company, a California corporation, Appellee,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant.**

No. C–93–0838 FMS.

United States District Court, N.D. California.

July 6, 1993.

Dennis D. Davis, Daniel M. Linchey, Goldberg Stinnett & MacDonald, San Francisco, CA, for Edward Towers, Trustee plaintiff.

Thomas Moore, Jay R. Weill, Erik P. Doerring, U.S. Attorney's Office, San Francisco, CA, for U.S. and I.R.S., defendants.

## ORDER ON BANKRUPTCY APPEAL

FERN M. SMITH, District Judge.

### BACKGROUND

On September 15, 1988, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Pacific Atlantic Trading Company ("PATCO"). On October 31, 1988, an Order for Relief was granted thereunder and an interim Trustee was appointed; the Order for Relief and Appointment of Trustee was entered on November 2, 1988 in the Bankruptcy Court docket. PATCO's 1988 taxable year for federal income tax purposes ended on December 31, 1988. PATCO's federal income tax return was due March 15, 1989.

On February 8, 1991, the IRS filed a non-administrative priority claim in PATCO's bankruptcy case under Section 507(a)(7) of the Bankruptcy Code in the amount of $58,622,109.10 for pre-petition corporate income taxes allegedly owed by PATCO for the taxable years of 1985, 1986, 1987, and 1988. On September 3, 1991, the Trustee filed a motion for summary judgment seeking disallowance of the IRS' claim for failure to file a timely proof of claim. At the hearing on this motion, the IRS stipulated to withdraw its 1988 tax assessment as a pre-petition claim because it wished to recharacterize it as an administrative claim. That portion of the claim based upon the taxable years 1985, 1986, and 1987 was disallowed by the bankruptcy court for failure to file a timely proof of claim. The judgment was appealed to this Court. This Court affirmed to the extent that first priority status was correctly denied but remanded to the Bankruptcy Court with instructions that third priority status for the claims be ordered under 11 U.S.C. § 726(a)(3). (Case No. C–92–1743 FMS.)

On October 22, 1991, the IRS re-filed its 1988 assessment claim as an administrative claim in the amount of $5,186,260 plus interest and penalties in the amount of $3,220,711.27, for a total claim of $8,406,971.27. The claim is based in part on PATCO's income in 1988 and in part on allegedly fraudulent credit lines which the IRS claims constituted income to PATCO during 1988.

On January 7, 1992, the Trustee filed a complaint for declaratory relief seeking a determination that the IRS was not entitled to the administrative expense claim. On March 5, the Trustee filed a motion for summary judgment; an Order granting the Trustee's motion for summary judgment was entered in the Bankruptcy Court docket on October 20, 1992. The Bankruptcy Court disallowed the administrative claim filed by the IRS for the year 1988, to the extent that the claim was based upon income earned by PATCO prior to the entry of the Order for Relief, and was therefore not "incurred by the estate." The court found that because only post-petition expenses qualify as administrative expense claims, and because the income at issue was earned prior to the appointment of the Trustee, it was not incurred by the estate; therefore, it did not qualify as a Section 503 first-priority claim, but as a Section 507 seventh-priority claim. The Bankruptcy Court offered the IRS the opportunity to submit affidavits to controvert the Trustee's assertion that all of PATCO's 1988 income was earned prior to November 1988; the IRS has not done so. The IRS now appeals the Bankruptcy Court's judgment that the 1988 tax assessment is not allowable as an administrative expense.

### ANALYSIS

This appeal concerns the meaning of the words "incurred by the estate;" these words, as used in the Bankruptcy Code, specify which taxes have first priority as administrative expenses in the distribution of an estate. The Trustee argues that because there was no business activity by PATCO after the Order for Relief was granted and the Trustee was appointed in November of 1988, all taxable income was earned by PATCO prior

to this date. Although the taxes became due and payable several months later, the Trustee argues that it is the date of accrual which is important in this inquiry. Because the date of accrual occurred prior to the creation of the bankruptcy estate, the taxes could not have been incurred by the estate. The IRS argues that a tax is "incurred" on the date it becomes due and payable. Thus, a tax which became payable after a bankruptcy estate was created should be considered "incurred" by that estate.

### 1. *The 1988 tax assessment is not an administrative expense.*

Section 503 of the Bankruptcy Code defines administrative expenses. Section 503(b)(1)(A) allows administrative expense priority for "the actual, necessary costs and expenses of preserving the estate." Section 503(b)(1)(B)(i) states in relevant part that "after notice and a hearing, there shall be allowed administrative expenses . . . including any tax incurred by the estate, except a tax of a kind specified in Section 507(a)(7) of this title." Section 507(a)(1) provides that such administrative expenses shall have a first priority in distribution. In order to be classified as a first priority administrative expense, a tax must not be specified in Section 507(a)(7), and it must be "incurred" by the estate.

### A. *The 1988 tax is an exception specified in Section 507(a)(7).*

■ The IRS admits that "on its face" the tax at issue in this case fits within the parameters of Section 507(a)(7). This Section states that seventh priority is given to (A): a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after

such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in Section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case.

Section 507(a)(7)(A)(i) is not satisfied by the 1988 tax assessment because the taxable year in question did not end "on or before the filing of the petition." Section 507(a)(7)(A)(ii) is not satisfied because the 1988 income tax liability has not yet been assessed by the IRS.

Section 507(a)(7)(A)(iii), however, is satisfied by the 1988 tax assessment. The exceptions outlined in that Section, 523(a)(1)(B) and 523(a)(1)(C), are available only to individuals, and not to corporate debtors. *Yamaha Motor Corp. v. Shadco, Inc.,* 762 F.2d 668, 670 (8th Cir.1985). The 1988 tax was not assessed before the commencement of the case. Finally, the 1988 tax liability was only assessable after the filing of the petition in this case. Since Section 507(a)(7)(A)(iii) is satisfied, the 1988 tax is excepted from Section 503 and given seventh priority.

The IRS contends that this result would require every corporate income tax arising post-petition to be subject to Section 507(a)(7)(A)(iii) and therefore ineligible as an administrative expense, including liabilities that begin and end post-petition. The IRS cites legislative history in an unpersuasive attempt to show that Congress did not intend for this Section to apply to post-petition liabilities which were not eligible to be assessed before the petition date. In this case, the 1988 income tax assessment fits squarely within the specific exception carved out by Congress in Bankruptcy Code Section 503. The Ninth Circuit has held that "[i]n interpreting statutes in this field we avoid resort to legislative history where the statute is not overtly ambiguous." *In re Mark Anthony Const., Inc.,* 886 F.2d 1101, 1105 n. 7 (9th Cir.1989). The tax at issue fits within the narrow parameters defined by Section 507(a)(7)(A)(iii), and the statute is not overtly ambiguous; the 1988 tax assessment should be accorded seventh priority.

**B.** *The 1988 tax was not "incurred" by the estate.*

 Even if the IRS' argument that Section 507(a)(7)(A)(iii) should not apply to the 1988 tax assessment is accepted, the tax must still have been "incurred by the estate" to be allowed as an administrative expense. 11 U.S.C. § 503(b)(1)(B)(i). An "estate" is not created until the debtor files for bankruptcy. *In re Major Dynamics, Inc.*, 897 F.2d 433, 435 (9th Cir.1990) Although the word "incurred" is not specifically defined in the Bankruptcy Code and the authority on this issue is split, the tax in this case was not "incurred" by the estate. The income to be taxed was earned pre-petition when there was no "estate," but the tax became due post-petition when an "estate" existed. The key issue, then, is whether a tax is incurred when it accrues or when it is due.

The IRS presents authority for the notion that, since the Internal Revenue Code defines the moment a tax is incurred as the moment at which it becomes due, the same analysis should be analogously applied in bankruptcy cases. *In re Shotwell*, 120 B.R. 163 (Bankr.D.Or.1990); *In re Starkey*, 49 B.R. 984 (D.Colo.1984).

Other cases, however, recognize the difference between the time of accrual and the time payment becomes due. These cases generally hold that where taxes are actually incurred post-petition, and do not merely become due and payable at that time, they may be allowed as administrative expenses. *In re Razorback Ready–Mix Concrete Co.*, 45 B.R. 917 (Bankr.E.D.Ark.1984); *In re Davidson Lumber Co.*, 47 B.R. 597 (Bankr.S.D.Fla. 1985); *U.S. v. Redmond*, 36 B.R. 932 (D.Kan. 1984); *In re Lumara Foods of America, Inc.*, 50 B.R. 809 (Bankr.N.D.Ohio 1985). This is the better reasoning under the facts herein. PATCO received no corporate income following the Order for Relief and Appointment of the Trustee in November of 1988. All taxable activity occurred prior to that date and was connected with the debtor company, not with the bankrupt estate. The Bankruptcy Court provided the IRS with an opportunity to submit affidavits controverting the Trustee's claim that the 1988 taxes were based entirely on income earned by PATCO prior to November 2, 1988, and the IRS has not done so.

In addition, the Bankruptcy Code makes clear that administrative expenses were intended to cover only the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503. Awarding administrative expense priority to the IRS' claim in this case simply because the tax became due following the bankruptcy petition would subvert the intended purpose of Section 503.

**2.** *The 1988 tax debt should be accorded third priority status under 11 U.S.C. § 726(a)(3).*

This Court has already examined the question of priority with respect to PATCO's tax liability from the years 1985, 1986, and 1987. In Case No. C–92–1743–FMS, this Court affirmed the Bankruptcy Court's order denying the IRS' unsecured priority claim for those years. That decision was based on facts that apply to the instant question as well: the IRS' claim was not timely filed, and the IRS had notice of PATCO's bankruptcy proceeding as well as the last date set by the Bankruptcy Court for the filing of a proof of claim by a creditor.

The claims decided by this Court initially included the 1988 tax debt which the IRS then withdrew to file separately as an administrative expense. Because the relevant facts pertain equally to the 1988 tax claim, the Court's previous decision governs as well.

For the forgoing reasons, the judgment of the Bankruptcy Court is AFFIRMED.