In re Walter Roland JOHNSON, Janet Lou Johnson, Debtors.

Bankruptcy No. 92–19976–JNF.

United States Bankruptcy Court,
D. Massachusetts.

Sept. 18, 1995.

Arthur J. Carakatsane, Middleton, MA, for Debtors.

Mae Lew, Special Asst. U.S. Attorney, Internal Revenue Service, Boston, MA, for Internal Revenue Service.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court is the Debtors' "Objection to the Administrative Claim of the Internal Revenue Service and Motion to Disallow, Reduce or Adjust Claim." The issue to be decided is the status of the Debtors' 1992 federal income tax liability. The Court conducted a hearing on June 21, 1995 and took the matter under advisement. The Debtors and the Internal Revenue Service (the "IRS") filed memoranda of law on July 31, 1995.

### II. BACKGROUND

The Debtors, Walter and Janet Johnson (the "Johnsons" or the "Debtors"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 30, 1992. On June 15, 1995, the IRS filed an amended proof of claim in the amount of $51,495.00, relating to unpaid federal income taxes, interest and penalties for the taxable years 1992, 1993, and 1994. As part of that claim, it seeks $27,463.26 for unpaid federal income taxes, interest and penalties for the 1992 tax year.

On May 4, 1995, the Debtors objected to the classification of the 1992 tax liability as an administrative expense, seeking to reclassify 75% of the claim as an unsecured eighth priority claim to the extent that it pertains to taxes that accrued prior to the filing of the Chapter 11 petition,[1] while classifying the balance as an administrative claim entitled to first priority.[2]

In its memorandum, the IRS stated that the Debtors failed to make an election pursuant to 26 U.S.C. § 1398(d)(2)(A) to divide the 1992 tax year into two taxable periods. The Debtors do not controvert this position. The facts material to the resolution of the Debtors' objection to the claim of the IRS are not in dispute.

### III. POSITIONS OF THE PARTIES

In support of their contention that the 1992 tax liability should not be classified in its entirety as an administrative expense since a portion of the claim relates to income earned prepetition, the Debtors point to section 503(b)(1)(B)(i) of the Bankruptcy Code, which requires a tax liability to be "incurred by the estate" to be given priority as an administrative expense. The Debtors argue that a tax is "incurred" at the time it accrues, and, therefore, the bulk of their 1992 tax liability was not "incurred by the estate" since it accrued prior to September 30, 1992, the date they filed their Chapter 11 petition. Accordingly, the Debtors seek to treat 75% of the 1992 tax liability as an unsecured priority claim under section 507(a)(8) and 25% as an administrative expense under section 503(b)(1)(B)(i).

In its opposition to the Debtors' objection, the IRS argues that the Debtors' entire 1992 tax liability should be treated as a postpetition liability because the Debtors failed to elect to close their 1992 tax year pursuant to 26 U.S.C. § 1398, thereby causing the debt to be "incurred" after the filing of the Chapter

---

1. Section 507(a)(8) provides, in relevant part, the following:

 (a) The following expenses and claims have priority in the following order ...

 (8) Eighth, allowed unsecured claims of governmental units only to the extent that such claims are for—

 (A) a tax on or measured by income or gross receipts—

 (i) *for a taxable year ending on or before the date of the filing* of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. ...

11 U.S.C. § 507(a)(8) (emphasis supplied).

2. Section 503(b)(1) provides, in relevant part, the following:

 (b) After notice and a hearing, there shall be allowed administrative expenses ..., including—

 (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

 (B) and tax—

 (i) incurred by the estate, except a tax of a kind specified in section 507(a)(8) of this title. ...

11 U.S.C. § 503(b)(1).

11 petition. In its initial response to the Debtors' objection to its claim, the IRS maintained that it had an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1). However, in its memorandum it states the following:

> The United States recognizes that these post-petition liabilities may be collected directly from the debtors, and states further that it is a cause for dismissal or conversion of the debtors' case if the debtors cannot pay their post-petition liabilities. Consequently, these post-petition liabilities must be paid in full prior to the confirmation of the debtors' plan.

## IV. DISCUSSION

 Section 1398 of the Bankruptcy Tax Act of 1980 [3] was intended to eliminate both uncertainty and litigation by detailing how federal income tax attributes and liabilities are to be allocated between the bankruptcy estate and the individual debtor. *In re Turboff*, 93 B.R. 523, 525 (Bankr.S.D.Tex.1988). Section 1398(d)(2)(A) [4] allows an individual debtor in a Chapter 7 or 11 case to elect to divide the taxable year in which the bankruptcy case is commenced into two "short years," the first ending on the day before the date of commencement of the bankruptcy case, and the second beginning on the date the bankruptcy case is filed. According to 26 U.S.C. § 1398(d)(2)(D),[5] the debtor must make an election on or before the due date for filing the return. When a debtor elects to partition the tax year under section 1398, the federal income tax liability for the first short taxable year becomes an allowable claim against the bankruptcy estate as a claim arising before the commencement of the case. *See* 11 U.S.C. §§ 101(5), 502(a), 502(i), 507(a)(8). *See also In re Mirman*, 98 B.R. 742 (Bankr.E.D.Va.1989); *In re Turboff*, 93 B.R. 523 (Bankr.S.D.Tex.1988). Accord-

ingly, any tax liability for that year is entitled to priority under section 507(a)(8) and is collectible from the estate to the extent assets are available to pay debts of that priority. *See* 11 U.S.C. § 507(a)(8)(A)(i).

A debtor's failure to make an election under section 1398(d) makes the entire tax liability a post-petition liability. Thus, in this case, section 1398(d)(2)(A) makes the Debtors' entire 1992 tax liability a post-petition liability. However, that post-petition liability is not a claim against the estate entitled to administrative priority under section 503(b)(1)(B)(i). The Debtors' failure to make the election under section 1398 leaves the IRS with a post-petition tax claim against the Debtors *individually,* with no claim whatsoever against their bankruptcy estate for any part of the 1992 tax liability. *See In re Saunders*, 155 B.R. 405, 417 (Bankr. W.D.Tex.1993); *In re Moore*, 132 B.R. 533, 535 (Bankr.W.D.Pa.1991); *In re Eith*, 111 B.R. 311, 313 (Bankr.D.Hawaii 1990); *In re Mirman*, 98 B.R. 742, 744–745 (Bankr. E.D.Va.1989); *In re Turboff*, 93 B.R. 523, 525 (Bankr.S.D.Tex.1988). *See also Matter of Santiago Vela*, 87 B.R. 229 (Bankr.D.P.R. 1988).

The legislative history of the Bankruptcy Tax Act of 1980 provides, in relevant part, the following:

> This bill, like present law, treats the bankruptcy estate of an individual as a separate taxable entity for federal income tax purposes. The separate entity rules under the bill (new Code section 1398) apply if a bankruptcy case involving an individual debtor is brought under chapter 7 (liquidation) or chapter 11 (reorganization) of Title 11 of the U.S.Code, as amended by P.L. 95–598.
>
> \* \* \* \* \* \*
>
> (ii) the second of which begins on the commencement date.
> 26 U.S.C. § 1398(d)(2)(A).

---

**3.** Pub.L. No. 96–589, 94 Stat. 3389 (1980).

**4.** Section 1398(d)(2)(A) provides:

(A) In general.—Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years—
(i) the first of which ends on the day before the commencement date, and

**5.** Section 1398(d)(2)(D) provides that "[a]n election under subparagraph (A) or (B) may be made only on or before the due date for filing the return for the taxable year referred to in subparagraph (A)(i). Any such election, once made, shall be irrevocable." 26 U.S.C. § 1398(d)(2)(D).

As a result of the debtor's making the election, his or her federal income tax liability for the first short taxable year becomes (under bankruptcy law) an allowable claim against the bankruptcy estate as a claim arising before bankruptcy. Accordingly, any tax liability for that year is collectible from the estate, depending on the availability of estate assets to pay debts of that priority.... *If the debtor does not make the election, no part of the debtor's tax liability for the year in which the bankruptcy case commences is collectible from the estate, but is collectible directly from the individual debtor.*

S.Rep. No. 1035, 96th Cong., 2d Sess. 25, 26, *reprinted in* U.S.C.A.A.N. 7017, 7039, 7041 (emphasis supplied). Relying on this legislative history of the Bankruptcy Tax Act, courts have held that if a debtor fails to make an election under section 1398, no part of the debtor's tax liability from the year in which the bankruptcy case commences is collectible from the estate. Instead, it is collectible directly from the individual debtor. *See In re Mirman*, 98 B.R. at 745; *In re Turboff*, 93 B.R. at 525–26.

█ Section 503(b)(1)(B)(i) of the Bankruptcy Code grants administrative priority to any tax that is 1) incurred by the estate, and 2) not specified in section 507(a)(8). *In re Hillsborough Holdings Corp.*, 156 B.R. 318, 320 (Bankr.M.D.Fla.1993). Obviously, no portion of the 1992 tax liability relating to pre-petition income was "incurred by the estate," as a result of section 1398, even though the tax did not become due until after the filing of the petition.

█ The Debtors' argument that the priority of their tax liability for 1992 should be determined with reference to when the taxes were "incurred," namely at the time they accrued as opposed to when they became due, is appealing because it would enable the Debtors to pay the IRS at least in part from proceeds of property of the estate, an important consideration since the taxes are nondischargeable under 11 U.S.C. § 523(a)(1). Although the term "incurred" is not defined by

the Bankruptcy Code, the clear weight of authority holds that federal income taxes are incurred at the time they accrue as opposed to the time payment is due for section 503(b)(1)(B) purposes. *See Towers v. I.R.S. (In re Pacific–Atlantic Trading Co.)*, 160 B.R. 136, 139 (N.D.Cal.1993); *U.S. v. Redmond*, 36 B.R. 932, 934 (D.Kan.1984); *In re Hillsborough Holdings Corp.*, 156 B.R. 318 (Bankr.M.D.Fla.1993); *In re Interco, Inc.*, 143 B.R. 707, 714 (Bankr.E.D.Mo.1992); *In re O.P.M. Leasing Services, Inc.*, 68 B.R. 979, 983–84 (Bankr.S.D.N.Y.1987). This conclusion is supported by the legislative history of section 503(b), which provides that, "[i]n general, administrative expenses include taxes which the trustee incurs in administering the debtor's estate, including ... taxes on income *earned by the estate during the case.*" *See* S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978), *reprinted in* 1978 U.S.C.A.A.N. 5787, 5852 (emphasis added). Furthermore, the conclusion that federal income taxes are incurred when they accrue is compatible with the broad construction given the definition of "claims against the estate" [6] as well as the narrow construction given the definition of "administrative expenses." It is also compatible with the reorganization purposes of the Bankruptcy Code. *See In re Interco*, 143 B.R. at 714.

█ However, the cases cited by the Debtors are *corporate* cases, not *individual* cases, or do not involve income taxes, and section 1398 is inapplicable to corporations. The allocation scheme advocated by the Debtors circumvents their failure to make the election afforded them by section 1398(d)(2). Therefore, in the context of Chapter 7 and Chapter 11 cases involving individual debtors, such an allocation scheme contravenes the provisions of the Tax Reform Act.

The issue of section 1398's impact on the bankruptcy estate is a matter of first impression in this jurisdiction and the cases that have dealt with section 1398 in the context of Chapter 11 cases are vague as to the required treatment of post-petition liability to the IRS in plans of reorganization. In *In re*

6. Section 101(5)(A) defines the word "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5)(A).

*Moore,* the court merely determined that the claim of the IRS was a post-petition liability, citing *Turboff* for the proposition that in the absence of an election "no separate entity is created and the tax liability for the entire year is collectable directly from the individual debtor and no portion will be collected from the debtors [sic] bankruptcy estate." 132 B.R. at 535. Likewise, in *Santiago Vela,* the court merely indicated that because of the debtor's failure to make an election his tax obligation was a post-petition obligation. The Court added, however, that nonpayment of those taxes was grounds for conversion or dismissal under 11 U.S.C. § 1112(b). 87 B.R. at 231.

## IV. CONCLUSION

Applying the principles set forth in the above cases, this Court finds that the Debtors' 1992 tax liability to the IRS can only be collected from the Debtors or from their post-petition income for services performed after the filing of the Chapter 11. *See* 11 U.S.C. § 541(a)(6).[7] Moreover, the Debtors' Chapter 11 plan must provide for payment of these taxes, as their payment is integral to the feasibility and good faith requirements of 11 U.S.C. § 1129.

## V. CONCLUSION

The Debtor's Objection to the Administrative Claim of the Internal Revenue Service and Motion to Disallow, Reduce or Adjust Claim is overruled and the Motion is denied.

---

7. Section 541(a)(6) provides, in relevant part, the following:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, *except such as are earnings from services performed by an individual debtor after the commencement of the case.*

11 U.S.C. § 541(a)(6) (emphasis supplied).