**In re Stanley Jerome MIRMAN, Benita Bernstein Mirman, Debtors.**

**Bankruptcy No. 82–01201–N–B.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 12, 1989.

Alexander P. Smith, Smith, Tolerton and Brown, P.C., Norfolk, Va., trustee, Frank J. Santoro, Marcus, Santoro and Kozak, Portsmouth, Va. for debtor.

Debra F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

Office of the U.S. Atty., Walter E. Hoffman, Norfolk, Va.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter comes upon the trustee's objection to a claim filed by the Internal Revenue Service for income taxes. The tax claim arises from income earned in the same year that the debtors' involuntary Chapter 7 petition was filed, yet it became due after the filing. This Court holds that the claim of the I.R.S. for income taxes incurred in the year of filing is not against the debtors' bankruptcy estate but against the debtors personally.

### Factual Background

An involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor Stanley J. Mirman on September 3, 1982. An order of relief was entered on September 24, 1982. Two weeks later this Court consolidated the case of Benita B. Mirman, his wife, with this case for purposes of administration. The debtors' filed their schedules on October 7, 1989, listing $528,500 in secured claims and $957,618 in unsecured debts.

Prior to the filing of the petition, the debtor-husband was a principal in Valu Fair Supermarkets, Inc. In the calendar year 1982 the debtor's interest in the corporation was liquidated resulting in a net long term capital gain of $442,242. This capital gain represented the entirety of the debtor's income for 1982, except for $1270 earned after the filing of the petition.

On or before October 15th of the following year, the debtors filed their 1982 federal and state tax returns. The debtors' Federal Tax Form 1040 stated that the debtors owed $67,776 in taxes. On September 24, 1984, having never received payment of the tax, the I.R.S. filed a claim against the debtors' estate for $91,371.05. The claim represented unpaid income taxes for the year 1982 of $67,702, plus interest of $13,671.14 and penalties of $9,996.91. On January 18, 1989, the Chapter 7 trustee filed an objection to the allowance of the claim.

### Contentions

The debtors argue that pursuant to 11 U.S.C. § 502(i), the claim of the I.R.S. is a proper claim against the estate and should be allowed. According to the debtors, this statutory provision prescribes that the tax liability should be considered as if the claim of the I.R.S. were incurred before the filing of the petition.

Next, the debtors assert since they have an absolute right to convert their case to a Chapter 11 reorganization, pursuant to 11 U.S.C. Section 706(a), that the pre-petition priority claim asserted by the Internal Revenue Service would be converted to a post-petition administrative claim pursuant to 11

U.S.C. § 503. The debtors argue that if the claim of the I.R.S. is not allowed against the estate under these Chapter 7 proceedings, the debtor's may be forced to convert their case to a Chapter 11 reorganization in order to be afforded a fresh start. The debtors emphasize that the law in the Fourth Circuit is that the Bankruptcy Code is remedial and designed to afford the debtor a fresh start. Citing *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988) and *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970).

Furthermore, the debtors argue that if they were entitled to a refund for the taxable year 1982 that the trustee would have the right to demand a pro-rata share of the refund. *In re Sutphin*, 24 B.R. 149 (Bkrtcy.E.D.Va.1982) and *In re Ballou*, 12 B.R. 611 (Bkrtcy.D.Kansas 1981). The debtors argue that if the appropriate portion of a refund is to be considered property of estate then logically the reciprocal would be true for a tax liability.

The trustee does not dispute the genuineness of the tax liability. The trustee argues that the debtors could have made the statutory election to terminate their taxable year as of the filing of the petition and thus all tax liability arising from income earned before the filing would have been collectible from the estate. However, since the debtors' did not make this election under 26 U.S.C. § 1398(d)(2) to terminate their taxable year at the commencement of their case, the trustee argues that consequently the debtors' tax liability for 1982 is not an allowable claim collectible from the estate, but, rather, is solely collectible directly from the debtors.

### Issue

*Is the Internal Revenue Service a Creditor of the Estate?*

Essentially, the trustee and debtors agree that the I.R.S. is a creditor with a valid interest of $91,371.05. However, the parties differ as to whether the I.R.S. should be considered a creditor of the estate or solely that of the debtors individually.

### Legal Considerations

Congress has provided several statutory provisions should assist us in determining the proper disposition of this matter. Looking to the Bankruptcy Code, 11 U.S.C. § 101(9) states as follows:

"creditor means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h), or *502(i)* of this title; or

(C) entity that has a community claim;" (Emphasis added).

The claim of the I.R.S. is of the kind specified in 11 U.S.C. § 502 which declares that:

"A claim that does not arise until after commencement of the case for a tax entitled to priority under section *507(a)(7)* of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition." (Emphasis added).

Section 502(i) applies to § 507(a)(7) tax claims that arise after commencement of the case. 11 U.S.C. § 507(a)(7) states as follows:

"... allowed unsecured claims of the governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of filing of the petition; ..."

These provisions of the Bankruptcy Code appear to specifically indicate that the type of claim asserted by the I.R.S. in the present case would be includable in the bankruptcy estate thus making the I.R.S. a proper creditor of the estate. See *In re*

*Carlisle Court, Inc.,* 36 B.R. 209, 10 C.B.C. 2d 77 (Bkrtcy, D.C.1983).

However, as so boldly pointed out by the bankruptcy court in *In re Turboff,* 93 B.R. 523 (Bkrtcy.S.D.Tex.1988), the Court must consider the provisions of Title 26 of the U.S.Code before resolving a tax issue such as the one before this Court. Specifically, 26 U.S.C. § 1398 applies to this case. Unless specifically excepted, this section applies to any case under Chapter 7 or Chapter 11 of the Bankruptcy Code. Under this section, the debtor has the right of election to divide his taxable year into two short taxable periods. The date of the commencement of the debtor's bankruptcy case would serve as the finish of the first short period as well as the beginning of the second. 26 U.S.C. Section 1398(d)(2).

The Bankruptcy Tax Act of 1980 added Section 1398 to the Internal Revenue Code and includes specific rules with regard to an individual debtor who enters into Title 11, Chapter 7 or Chapter 11 proceedings. Pub.L. No. 96–589, 94 Stat. 3389 (1980). Under the 1980 Act, when an individual's Chapter 7 or Chapter 11 proceeding commences, a separate taxable entity is created which succeeds to the assets, liabilities, and certain tax attributes of the debtor. The separate entity is called the bankruptcy estate and is completely distinct from the individuals for income tax purposes. Each entity must file separate income tax returns for the period of the bankruptcy proceeding. See 26 U.S.C. § 1398 and *Turboff,* at p. 525.

If the debtor elects to divide the taxable year pursuant to Section 1398(d)(2), his or her income tax liability for the first short taxable year becomes, under the substantive law of bankruptcy, an allowable claim against the bankruptcy estate as a claim arising before bankruptcy. See Bkr.–L.Ed Administration Section 6:56. However, if the debtor fails to make the election for any reason, the debtor's tax liability for the entire year is collectable directly from the individual debtor and no portion is collectible from the debtor's bankruptcy estate. 26 U.S.C. § 1398(d)(1); Also see *Turboff,* at pp. 525–6, citing Committee Report on P.L.

96–589; 88 Vol. 8 Stand.Fed.Tax Rep. (CCH) Para. 4849Y, Para. 4849YE; also see S.Rept. No. 96–1035, p. 26, U.S.Code Cong. & Admin.News, p. 7017. The debtor must make his or her election on or before the fifteenth day of the fourth month following the commencement date and the election is, thence, irrevocable. Bkr.–L.Ed. Section 6:56 citing 26 U.S.C. § 1398(d)(2) as added by Section 3(a)(1) of P.L. 96–589.

### Court Findings

Upon review of the applicable statutory provisions of the Bankruptcy Code and Title 26 of the United States Code, the Court finds that the Internal Revenue Service is not a creditor of the debtors' bankruptcy estate. The I.R.S. holds a valid claim against the debtors individually for the taxable year 1982, but since the debtors failed to make an election under 26 U.S.C. § 1398(d) to divide their taxable year, no part of the debtors' tax liability for the year is collectible from the estate.

The debtors' assertions are correct that under 11 U.S.C. §§ 502(i) and 507(a)(7) the tax claim could be treated as if it were incurred before commencement of the debtors' case. However, these provisions are effective to bring the claim of the I.R.S. into the debtors' bankruptcy estate *only* if the debtors make an election under 26 U.S.C. § 1398(d) to close the taxable year from the time of the commencement of their Chapter 7 case. The debtors would not be able to avoid the provisions of Title 26 by converting their case to a Chapter 11 reorganization as 26 U.S.C. § 1398(a) states that its provisions apply to Chapter 11 and Chapter 7 cases alike. Further, the debtors' due date for making their election has long expired.

The objection of the trustee to the allowance of the bankruptcy claim of the Internal Revenue Service is SUSTAINED.

IT IS SO ORDERED.