In re David T. EITH, aka David Thomas Eith, Debtor.

In re David T. EITH, aka Industrial Medical Clinic, Debtor.

In re AIRPORT MEDICAL SERVICE, INC., Debtor.

In re PAWAA MEDICAL LABORATORY, INC., Debtor.

Bankruptcy Nos. 87–00966 and 87–01004 to 87–01006.

United States Bankruptcy Court, D. Hawaii.

March 6, 1990.

**312**

Oren Chikamoto, Enver Painter, Honolulu, Hawaii.

Jerrold K. Guben, Honolulu, Hawaii, for Trustees.

MEMORANDUM DECISION AND ORDER RE: ATTORNEYS' FEES OF OREN CHIKAMOTO AND ENVER PAINTER

JON J. CHINEN, Bankruptcy Judge.

On February 28, 1990, this Court held hearings on various professional fee applications seeking administrative expense status. At the conclusion of the hearing, the Court took under advisement the question of whether the attorneys fees and costs of Oren Chikamoto, Esq. and Enver Painter, Esq. (collectively "Applicants") were entitled to be paid from the estate. The Court, being advised in the premises, now renders this memorandum decision and order.

The Trustee herein, Richard Kennedy, objects to the fees, arguing that the services of the Applicants were for the personal benefit of the Debtor and should not be charged to the estate. *See e.g. In re*

*Moore,* 57 B.R. 270 (Bankr.Okla.1986). In particular, the Trustee argues that Applicants' services related to the nondischargeable pre-petition tax obligations of Dr. David Eith ("Debtor"), including Debtor's obligation to pay trust fund or withholding taxes and capital gains tax on the sale of the marital residence. The Trustee acknowledges, however, that the tax advice and counseling services rendered by Applicants were indispensable to resolving the Family Court matters.

One of the major issues is whether the capital gains taxes from the sale of the residence were pre-petition or post-petition taxes. In particular, the Trustee argues that it was the Debtor's failure to make a 26 U.S.C. § 1398(d)(2) election ("short year election") that rendered the taxes a personal obligation of the Debtor. In addition, he argues that because the Debtor failed to make a short year election, the taxes are deemed to be post-petition taxes which are nondischargeable and do not represent a claim against the estate. *See e.g. In re Turboff,* 93 B.R. 523 (Bankr.Texas 1988); *In re Mirman,* 98 B.R. 742 (Bankr.Va. 1989).

The relevant provisions of 26 U.S.C. § 1398 provide:

(a) Cases to Which Section Applies.—

Except as provided in subsection (b), this section shall apply to any case under chapter 7 (relating to liquidations) or chapter 11 (relating to reorganizations) of title 11 of the United States Code in which the debtor is an individual.

. . . .

(d) *Taxable year of debtors.*—

(1) General rule.—Except as provided in paragraph (2), the taxable year of the debtor shall be determined without regard to the case under title 11 of the United States Code to which this section applies.

(2) *Election to terminate debtor's year when case commences.*—

(A) *In general.*—Notwithstanding section 442, *the debtor may* (without the approval of the Secretary) *elect to treat the debtor's taxable year which includes*

*the commencement date as 2 taxable years—*

(i) *the first of which ends on the day* before commencement date, and

(ii) *the second of which begins on the commencement date.*

. . . .

(D) *Time for making election.—An election under subparagraph (A) or (B) may be made only on or before the due date for filing the return for the taxable year referred to in subparagraph (A)(i).* Any such election, once made, shall be irrevocable.

(E) *Returns.—*A return shall be made for each of the taxable years specified in subparagraph (A).

(F) *Annualization.—*For purposes of subsections (b), (c), and (d) of section 443, a return filed for either of the taxable years referred to in subparagraph (A) shall be treated as a return made under paragraph (a) of subsection (a) of section 443.

(3) *Commencement date defined.—*For purposes of this subsection, the term "commencement date" means the day on which the case under title 11 of the United States Code of which this section applies commences. (Emphasis added.)

As noted in the Senate Report, if the debtor makes a short year election, then *his or her Federal income tax liability for the first short taxable year becomes (under bankruptcy Law) an allowable claim against the bankruptcy estate as a claim arising before bankruptcy.* Accordingly, any tax liability for that year *is collected from the estate, depending on the availability of estate assets to pay debts of that priority.* Inasmuch as any such tax liability for an electing debtor's first short taxable year is not dischargeable, *the individual debtor remains liable for any amount not collected out of the bankruptcy estate* (new 11 U.S. Code Section 523(a)(1)). *If the debtor does not make the election, no part of the debtor's tax liability from the year in which the bankruptcy case commences is collectible from the estate, but is collectible directly from the individual debtor.* If the election is made, the debtor is required to annualize his or her taxable income for each short taxable year in the same manner as if a change of annual accounting period had been made (new Code Section 1398(d)(2)(F)). (Emphasis added).

The Trustee argues that Debtor failed to timely make the short-year election and therefore the tax liability is a claim only against Debtor. As noted in *In re Mirman,* 98 B.R. 742, 754 (Bankr.Va.1989):

If the debtor elects to divide the taxable year pursuant to Section 1398(d)(2), his or her income tax liability for the first short taxable year becomes, under the substantive law of bankruptcy, an allowable claim against the bankruptcy estate as a claim arising before bankruptcy. However, if the debtor fails to make the election for any reason, the debtor's tax liability for the entire year is collectable directly from the individual debtor and no portion is collectible from the debtor's bankruptcy estate. 26 U.S.C. Section 1398(d)(1).

Debtor argues that he was, in fact, prepared to make the short year election. The evidence adduced at the hearing shows that the Debtor had timely prepared the returns, making a short-year election. These returns were ready for filing when the Trustee demanded that the returns be sent to him for filing, arguing that any tax refund owing was property of the estate. As a consequence, instead of filing the returns with the Internal Revenue Service, the Debtor delivered the returns to the Trustee, and the Debtor believed that the Trustee was to file the returns.

For reasons unknown, the Trustee did not file the returns. Instead, he held on to them until November 30, 1988, by which time the deadline to make the short-year election had expired. As a consequence, Debtor argues and the court so finds that it was the Trustee's failure to timely file the returns, or to return them to the Debtor, that resulted in the taxes as being considered a personal obligation of the Debtor.

The Trustee has acknowledged that the services of the Applicants were of substantial benefit in liquidating and reducing the

taxes owed to the Internal Revenue Service. The parties have entered into an agreement concerning the payment of administrative expenses and the taxes that are owing. Inasmuch as the services of Applicants substantially reduced the taxes owing, the Court finds that Applicants are entitled to the fees and costs requested and that they be paid as administrative expenses of the estate.

Accordingly,

IT IS HEREBY ORDERED that the Trustee shall pay to Applicants the full amount of fees and costs as set out in the Application for Allowance of Expenses Nunc Pro Tunc; for Payment of a Portion of Such Expenses; and for Credit of the Remaining Portion of Such Expenses Against Debtor's Obligation to Trustee Arising Under § 541(a)(5)(A) filed herein on February 8, 1990 and the Application for Allowance of Attorneys' Fees and Reimbursement of Expenses filed herein on February 8, 1990.