**In re Martha L. SCHMIDT, Mary Ann Scharifi, Arthur D. Welton, Richard Welton, Harold Welton, William Welton, Sara Hancock, Nancy Hayner, Debtors.**

Bankruptcy Nos. 95 B 18167, 95 B 18170, 95 B 18174, 95 B 18177, 95 B 18180, 95 B 18182, 95 B 18185 and 95 B 18187.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 18, 1997.

Neal L. Wolf, Janet S. Baer, Schwartz, Cooper, Greenberger & Krauss Chartered, Chicago, IL, for Movants.

Christine A. Grant, Assistant United States Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Respondent.

James Newbold, Special Assistant Attorney General, Revenue Litigation Division, State of Illinois Center, Chicago, IL, other Attorneys.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of the United States of America Internal Revenue Service (the "IRS") to partially dismiss the motion of Martha L. Schmidt, Mary Ann Scharifi, Arthur D. Welton, Richard Welton, Harold Welton, William Welton, Sara Hancock, and Nancy Hayner (collectively the "Debtors") pursuant to 11 U.S.C. § 505(a) to determine tax liability. For the reasons set forth herein, the Court hereby denies the IRS's motion to dismiss. The Court holds that it has jurisdiction to determine the post-petition tax liabilities of the Debtors. However, at this stage of the proceedings, the Court is not making that determination and reserves ruling on the Debtors' motion to which the IRS objects on the merits.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334(b), which grants district courts original, nonexclusive jurisdiction over all civil proceedings "arising under title 11, or arising in or relat-ed to cases under title 11." District courts may refer such proceedings to bankruptcy courts via 28 U.S.C. § 157(a). General Rule 2.33(A) of the United States District Court for the Northern District of Illinois provides this district's blanket automatic reference to the bankruptcy court. By statute, the bankruptcy court is a unit of the district court composed of the bankruptcy judges in active service for each judicial district. 28 U.S.C. § 151. Hence, the jurisdiction of the bankruptcy courts is "derivative" because it flows from the statutory grant of jurisdiction to the district courts. *In re FedPak Systems, Inc.*, 80 F.3d 207, 213 (7th Cir.1996) (citing *In re K & L, Ltd.*, 741 F.2d 1023, 1028 (7th Cir. 1984)). It is well established that bankruptcy judges have jurisdiction to determine the extent and validity of their own jurisdiction. *See, e.g., Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir.1994). Subject matter jurisdiction cannot be waived and may be challenged by a party or raised sua sponte by the Court at any point in the proceedings. *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045, 1055 (7th Cir.1983), *cert. denied*, 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984). The matter at bar is a core proceeding for purposes of 28 U.S.C. § 157(b)(2)(A) and (O) because it concerns the administration of the estates and affects the liquidation of assets of the estates or the adjustment of the debtor-creditor relationship.

## II. FACTS AND BACKGROUND

The Debtors filed Chapter 11 petitions on September 1, 1995. A related general partnership, in which the Debtors were all partners, ArtMar Partnership ("ArtMar"), filed a Chapter 11 petition on October 30, 1995. On September 14, 1995, the Court entered an order permitting joint administration of the Debtors' cases. On November 27, 1995, the Court entered a similar order permitting joint administration of ArtMar's case with the Debtors' cases.

On January 11, 1996, the Court entered an order setting February 1, 1996 as the date for the Debtors' and ArtMar's creditors to file proofs of claim. In their schedules, the Debtors and ArtMar listed any claims that the IRS may have against the Debtors or ArtMar as unliquidated. The IRS did not file any proof of claim in these cases.

On March 22, 1996, the Debtors filed separate amended disclosure statements and amended plans of reorganization (collectively. the "Plans"). On May 21, 1996, ArtMar filed its second amended plan of reorganization (the "ArtMar Plan"). On June 13, 1996, the Court approved the disclosure statements, confirmed the Plans and the ArtMar Plan, and discharged the Debtors.

Under 26 U.S.C. § 1398, the Debtors elected to split their 1995 federal tax years into separate pre-petition and post-petition taxable years. In August 1996, the Debtors and ArtMar separately filed their tax returns for the periods set forth herein. Pursuant to those tax returns, the Debtors and ArtMar concluded that they had the following tax liabilities as reflected on the filed tax returns:

| Taxpayer | Tax Period 1/1/95–8/31/95 | Tax Period 9/1/95–12/31/95 |
|---|---|---|
| Sarah Hancock | $27,393.00 | $4,382.00 |
| Nancy Hayner | $2,168.00 | $1,390.00 |
| Martha Schmidt | $12,365.00 | $578.00 |
| Arthur Welton | $4,281.00 | $1,427.00 |
| Richard Welton | $13,367.00 | $0.00 |
| William Welton | $16,505.00 | $1,517.00 |
| Harold Welton | $0.00 | $1,015.00 |
| Mary Ann Sharifi | $0.00 | $0.00 |
| **TOTALS** | **$76,079.00** | **$10,309.00** |

The Debtors paid the tax liabilities set forth above in full as required by the Plans out of the proceeds being held in the ArtMar Creditor Trust.

The IRS contends that the Debtors improperly calculated the amount of taxes due for the pre-petition period. Based on a review of the Debtors' pre-petition tax returns, the IRS contends that the Debtors owe the following additional amounts of tax (plus penalties not calculated to date by the IRS, but allegedly assessable under 26 U.S.C. § 6651):

| Taxpayer | Tax Period 1/1/95–8/31/95 |
|---|---|
| Sarah Hancock | $5,726.00 |
| Nancy Hayner | $1,691.00 |
| Martha Schmidt | $1,971.00 |
| Arthur Welton | ($691.00) |
| Richard Welton | $1,973.00 |
| William Welton | $3,706.00 |

On September 5, 1996, the Debtors filed the instant motion asking the Court to determine under 11 U.S.C. § 505(a) that the sums outlined above constitute the full and complete extent of the Debtors' tax liability to the IRS. The IRS posits that the Court lacks jurisdiction to determine the extent of the Debtors' post-petition personal tax liabilities and that the confirmed Plans do not provide for payment of same. The IRS argues that before the Court can have jurisdiction to determine any unpaid tax liability of the Debtors, there must be an interrelationship between creditors and their claims in the bankruptcy estate. The IRS maintains that it is not a creditor of the bankruptcy estates with respect to the postpetition tax liabilities, which are only collectible from the Debtors, never from the bankruptcy estates under 26 U.S.C. § 1398 and *In re Mirman,* 98 B.R. 742, 745 (Bankr.E.D.Va.1989).

The Debtors dispute that any additional taxes or penalties are owed with respect to the subject pre-petition and post-petition tax returns. According to the Debtors, pursuant to the Plans and the ArtMar Plan, all allowed unclassified and priority claims, which allegedly includes the tax claim of the IRS for the pre-petition tax period of January 1, 1995 through August 31, 1995 and the post-petition "short year" tax period of September 1, 1995 through December 31, 1995, are to be paid in full out of the assets to be held by the ArtMar Creditor Trust. Additionally, the Debtors contend that the short year tax liabilities were included and covered by the Plans because they were liabilities of the Debtors which were incurred and owing at the time of confirmation.

The Court will not decide the merits of these issues at this stage of the proceedings. Neither will the Court determine the precise amounts of taxes and penalties owed by the Debtors. Rather, the Court will only answer the discrete question of whether it has jurisdiction to determine the instant short year post-petition tax liabilities, regardless of whether they are properly assessable or payable by either the Debtors or from the bankruptcy estates.

## III. *APPLICABLE STANDARDS*

Section 505(a)(1) of the Bankruptcy Code provides as follows:

> (a)(1) Except as provided in paragraph (2) of this subsection, *the court may determine the amount or legality of any tax,* any fine *or penalty relating to a tax,* or any addition to tax, *whether or not previously assessed, whether or not paid,* and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (emphasis supplied). The legislative history is indicative of Congressional intent to vest the bankruptcy courts with a fairly broad jurisdictional grant under § 505(a). *See generally* H.R. Rep. 595, 95th Cong., 1st Sess. 356 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5963, 6312; S.Rep. No. 989, 95th Cong., 2d Sess. 67 (1978), *reprinted in* 1978 U.S.Code & Cong. Admin. News 5787, 5853.

■ Use of the directory "may" not "must" in § 505(a)(1) is indicative of the discretionary nature of the bankruptcy court's exercise of such jurisdictional grant. *See In re Galvano,* 116 B.R. 367, 372 (Bankr. E.D.N.Y.1990). Thus, the bankruptcy court may abstain from exercising its jurisdiction to resolve disputed tax liabilities. *See, e.g., In re American Motor Club, Inc.,* 139 B.R. 578, 581 (Bankr.E.D.N.Y.1992).

■ This Court has previously noted the broad scope of the statutory language of § 505(a)(1) and that it extends to the determination of the tax liability of parties other than the debtor. *See In re Stoecker,* 151 B.R. 989, 998–99 (Bankr.N.D.Ill.1992), *rev'd on other grounds,* 179 B.R. 532, 541 (N.D.Ill. 1994). This view is contrary to *American Principals Leasing Corp. v. United States,* 904 F.2d 477, 481 (9th Cir.1990), with which this Court respectfully disagrees and declines to follow.

Several leading treatises similarly note the broad jurisdictional grant contained in § 505(a). *See* 15 *Collier on Bankruptcy,* TX5.04 [2][a] at TX5–26 –27 (15th ed. rev. 1996) ("Evidently Congress intended the language of section 505(a) to be sufficiently broad to include virtually any type of tax liability.... Perhaps the only significant limitations on the jurisdictional grant are (i) the prohibition against determining (or redetermining) a tax liability contested and adjudicated before a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under title 11, and (ii) the requirement that there be an actual controversy based upon a filed tax return.") (footnotes omitted); 6 *Norton Bankruptcy Law and Practice 2d,* § 131:6 at 131–9 (1994) ("any question regarding possible Tax Court jurisdiction over bankrupt taxpayers which may have existed under the Bankruptcy Act has been resolved by the broader language of § 505(a) of the Code...."). "As a result of the various rules dealing with the jurisdiction of the United States Tax Court and the Bankruptcy Court, the bankruptcy judge has been granted substantial discretionary authority to determine which of the two courts will be permitted to determine the merits of a tax claim against the estate itself and a tax claim against the individual debtor for his or her personal liability for nondischargeable taxes." *Id.* § 131:8 at 131–13—14.

Another leading treatise noted that several cases have held that the bankruptcy court has jurisdiction to determine the dischargeability of a tax debt even though the IRS does not file a proof of claim. 2 *Ginsberg & Martin on Bankruptcy,* § 16.08[D] at 16–93 n.392 (4th ed.1996) (citing *In re Bostwick,* 521 F.2d 741 (8th Cir.1975); *In re John West Gwilliam,* 519 F.2d 407 (9th Cir.1975); *In re Durensky,* 377 F.Supp. 798 (N.D.Tex.1974)).

Numerous other courts have held that the bankruptcy court may apply § 505(a) to determine the tax liability of parties other than the debtor. *See In re Wolverine Radio Co.,* 930 F.2d 1132 (6th Cir.1991), *cert. denied,* 503 U.S. 978, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992) (bankruptcy courts have jurisdiction over disputes involving unemployment compensation tax liability incurred by debtors, but same may include tax disputes concerning non-debtors when that dispute affects the debtors and when exercise of that jurisdiction is necessary to rehabilitate the debtor or to administer its estate effectively); *In re Goldblatt Bros., Inc.,* 106 B.R. 522 (Bankr.

N.D.Ill.1989) (court held that determination of whether creditors' committee was responsible for paying taxes on interest earned on money held in an account established pursuant to the Chapter 11 plan was a core proceeding); *In re John Renton Young, Ltd.*, 87 B.R. 635 (Bankr.D.Nev.1988) (court had jurisdiction to determine debtor's motion for injunctive relief from a 100% penalty tax assessment against the non-debtor obligor based on his relationship with the debtor as its president and only shareholder); *Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 B.R. 831 (D.Colo.1983) (court determined the 26 U.S.C. § 6672 tax liability of the debtor's employees); *H & R Ice Co., Inc. v. United States (In re H & R Ice Co., Inc.)*, 24 B.R. 28 (Bankr.W.D.Mo.1982) (same); *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.Cal. 1981) (court stayed IRS audits, assessments, and collections directed at the creditors of the estate).

In *Major Dynamics,* the court acknowledged that the legislative history of § 505 focuses on tax obligations of the debtor or the debtor's estate. *Id.* at 971. It held, however, that the "any tax" language used in § 505(a)(1) must control and that "the Bankruptcy Court has jurisdiction to determine disputes between third party creditors and the IRS is an appropriate case." *Id.* at 972. The court opined that an "appropriate case" included "tax disputes of third parties other than the debtor *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate, and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate." *Id.* (emphasis in original).

## IV. *DISCUSSION*

■ In the instant matter, the Debtors ask the Court to determine the post-petition short year tax liabilities. The Debtors are requesting that the Court determine such tax liabilities, which arose and were assessable to be paid post-petition and for a pre-confirmation period. Regardless of whether the short year tax liabilities are liabilities of the Debtors or the estates, which are allegedly to be paid for under the Plans, the ultimate deter-

mination of the correct amounts of such tax liabilities and who is legally liable to pay same needs to be made.

■ The IRS contends that the Court may not determine the post-petition tax liabilities of the Debtors because there is no interrelationship between the creditors and their claims on the bankruptcy estate. *See Wolverine Radio,* 930 F.2d at 1140 ("Given the legislative history of section 505 and its placement in a chapter of the Bankruptcy Code denoted 'Creditors, the Debtor, and the Estate,' section 505 is not applicable where the court is not dealing with the interrelationship and effect of creditors and their claims on the bankrupt debtor."). That determination will directly affect the Debtors' estates, and the amount of distributions to other creditors will be reduced if the Debtors' positions are sustained. Moreover, the determination of this issue is necessary for the orderly and efficient administration of the confirmed Plans. If the Court does not make a final determination of the tax liabilities allegedly to be paid out of estate funds under the Plans, the ArtMar Creditor Trust would have to hold such funds until such time as another court of competent jurisdiction made that decision. The purpose of § 505(a), which gives bankruptcy courts jurisdiction to determine tax liability, is to afford a forum for ready determination of the legality or amount of tax claims in order to expedite that decision and avoid the delay of the conclusion of administration of bankruptcy estates if left to another forum. *See In re Grand Chevrolet, Inc.*, 153 B.R. 296, 300 (C.D.Cal.1993); *In re Swan*, 152 B.R. 28, 30 (Bankr.W.D.N.Y.1992).

Furthermore, especially if the IRS's position on the merits is sustained regarding who is liable for the properly assessable short year taxes, the Debtors have a personal stake in the outcome of their short year tax liabilities. *See, e.g., Jon Co.,* 30 B.R. at 833–34. Thus, under the plain language of § 505(a)(1), the Court can and does have subject matter jurisdiction to examine the asserted short year tax liabilities of the Debtors. *See, e.g., Wolverine Radio,* 930 F.2d at 1140–43. The Court is not being asked to exercise bankruptcy jurisdiction over third

party non-debtors, but rather, the reorganized Debtors themselves. Certainly the plain meaning of the statute's language "any tax" includes the post-petition tax liabilities of the Debtors that are allegedly to be paid under the Plans, which will have an impact upon the distributions made to the Debtors' creditors. Section 505(a) is sufficiently broad to grant the Court the power and authority to determine such short year properly assessable taxes, as well as to determine who is liable therefor under the confirmed Plans as a matter of law. Finally, *Mirman*, 98 B.R. 742, cited by the IRS, is inapposite because it did not refer to or construe § 505(a) and merely concluded that because the debtor never made the election under 26 U.S.C. § 1398, the post-petition taxes were solely collectible from the debtors.

## V. *CONCLUSION*

For the foregoing reasons, the Court hereby denies the motion of the IRS to dismiss. The Court holds that it has jurisdiction to determine the post-petition tax liabilities of the Debtors under § 505(a).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## *ORDER*

For the reasons set forth in a Memorandum Opinion dated the 18th day of February 1997, the Court hereby denies the motion of the United States of America Internal Revenue Service to partially dismiss the motion of Martha L. Schmidt, Mary Ann Scharifi, Arthur D. Welton, Richard Welton, Harold Welton, William Welton, Sara Hancock, and Nancy Hayner pursuant to 11 U.S.C. § 505(a) to determine tax liability.