**In re Theodore S. SMITH, Debtor.**

**Paul M. NUSSBAUM, Trustee, Plaintiff,**

v.

**UNITED STATES of America and Theodore S. Smith, Defendants.**

**Bankruptcy No. 93–5–8396–SD.**
**Adversary No. 96–5097–SD.**

United States Bankruptcy Court,
D. Maryland.

June 13, 1997.

Paul M. Nussbaum, Whiteford, Taylor & Preston, L.L.P., Baltimore, MD, Chapter 11 Trustee.

Brian R. Seeber, Gins & Greenfeld, Washington, DC, for Debtor.

Elizabeth S. Henn, Special Assistant United States Attorney, Internal Revenue Service, Baltimore, MD, for Internal Revenue Service.

## MEMORANDUM OF OPINION GRANTING JUDGMENT TO PLAINTIFF ON COUNT III, AND DENYING APPROVAL OF SETTLEMENT OF COUNTS I AND II

E. STEPHEN DERBY, Bankruptcy Judge.

### I. Introduction

By his adversary complaint, the Chapter 11 Trustee seeks to avoid and recover Debtor's postpetition payment of his individual federal income taxes for the calendar year in which this bankruptcy case was filed. The defendants are the Internal Revenue Service ("IRS") as to Counts I and II and the individual debtor as to Count III. Because the Debtor failed to make an election under 26 U.S.C. § 1398(d)(2)(A) to bifurcate the tax year in which he filed his bankruptcy petition, the court concludes that the Chapter 11 Trustee may avoid and recover the federal income tax payment that was made from property of the Chapter 11 estate. Ironically, the conclusions of law that require the court to grant judgment for the Chapter 11 Trustee on Count III also lead the court to reject the settlement between the Chapter 11

Trustee and the IRS concerning Counts I and II of the complaint.

## II. Statement of Facts

Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C.) on December 15, 1993. On or about February 28, 1994, while he was a debtor-in-possession, the Debtor wrote a check in payment of his individual 1993 federal income taxes to the IRS in the amount of $20,692.00. This check cleared, and it represented payment in full of Debtor's 1993 federal income tax liability.

Debtor's 1993 federal income tax return (Plain.Exh. 2) does not indicate that it was filed by Debtor as debtor in possession on behalf of the bankruptcy estate, although the $20,692.00 check in payment of his taxes was signed by Debtor with the handwritten designation of Debtor In Possession. Debtor's monthly statement required by the U.S. Trustee for the period ending March 21, 1994 included his federal income tax payment. The following sources of taxable total income, after business expense deductions but before adjustments, were included on Debtor's 1993 federal income tax return.

| | | |
|---|---|---|
| 1. | Interest income, including interest on mortgages held by Debtor as part of two installment land sales | $ 6,713.00 |
| 2. | Dividend income | 1,526.00 |
| 3. | Income from Debtor's appraisal service business | 4,194.00 |
| 4. | Capital gain on the two installment land sales | 3,743.00 |
| 5. | Rental income | 4,800.00 |
| 6. | Farm income | 53,583.00 |
| | Total | $74,559.00 |

All income items were received by Debtor before the December 15, 1993 petition date. There is no evidence, however, whether there were deductible expenses paid in 1993 after December 15. Further, the Debtor did not make on or before the due date for his 1993 federal income tax return an election under 26 U.S.C. § 1398(d)(2)(A) to bifurcate his 1993 tax year prepetition and postpetition.

The Chapter 11 Trustee and the IRS have proposed to settle Counts I and II on the following terms. The IRS will pay to the Trustee the sum of $10,346.00, which represents one half of the postpetition 1993 tax payment received by the IRS from the Debt-or as debtor in possession. In return the IRS would be allowed a claim against the bankruptcy estate for the amount paid by it that is entitled to priority treatment under 11 U.S.C. § 507(a)(8). Further, this settlement would be without prejudice to the Trustee's rights against the Debtor in this adversary proceeding.

## III. Conclusions of Law

### A. Count III against Debtor.

An individual debtor in a bankruptcy case filed under Chapter 7 or Chapter 11 is given an option to make a short year election for his or her federal income tax return for the year in which the bankruptcy petition is filed. 26 U.S.C. §§ 1398(a), (d)(2). This option to elect a short tax year is not granted to a corporate or partnership debtor, and it is not available to an individual debtor in a Chapter 13 or Chapter 12 case. Id. at § 1398(a). Therefore, case authority relied on by Debtor that involved an individual Chapter 13 debtor or a corporate or partnership debtor is inapplicable because Section 1398 would not apply to those debtors. Id. at § 1398(a); see, e.g., In re Michaelson, 200 B.R. 862 (Bankr. D.Minn.1996) (Chapter 13); Missouri Dep't of Rev. v. L.J. O'Neill Shoe Company, 64 F.3d 1146 (8th Cir.1995) (corporation).

The short year election breaks an individual debtor's calendar tax year into two short years, namely, one ending on the day before the petition date and one commencing on the petition date. 26 U.S.C. §§ 1398(d)(A)(2)(i) and (ii), (d)(3). The first short year taxes would constitute a prepetition claim against the bankruptcy estate, and the claim would be accorded priority status. 11 U.S.C. § 507(a)(8)(A)(i). As a priority tax claim, it would not be dischargeable to the extent it remained unpaid from assets of the bankruptcy estate. Id. at § 523(a)(1)(A). See In re Saunders, 155 B.R. 405, 417 (Bankr.W.D.Tex.1993).

The taxes incurred during the post-petition period would be the personal liability of the debtor, but these taxes would be due only on the debtor's gross income that is not included in the gross income of the bankruptcy estate. 26 U.S.C. § 1398(e)(2). The

gross income of the bankruptcy estate for each taxable year is separately calculated, and it includes gross income of the debtor to which the estate is entitled. *Id.* at §§ 1398(c)(1), (e)(1). After an individual Chapter 7 or Chapter 11 bankruptcy petition is filed, the bankruptcy estate becomes a taxable entity that is separate and distinct from the individual debtor, and each entity must file its own federal income tax return. *In re Knobel,* 167 B.R. 436, 442–443 (Bankr. W.D.Tex.1994); *In re Mirman,* 98 B.R. 742, 745 (Bankr.E.D.Va.1989). In this manner. Section 1398 of the Internal Revenue Code addresses the allocation of postpetition income of an individual debtor that is made in Section 541 of the Bankruptcy Code. 11 U.S.C. § 541(a)(6). Section 541(a)(6) provides that property of the bankruptcy estate includes:

> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, *except such as are earnings from services performed by an individual debtor after the commencement of the case.*

(Emphasis supplied).

■ An individual Chapter 7 or Chapter 11 debtor, however, must make the short year election "... on or before the due date for filing the return for the taxable year ...." 26 U.S.C. § 1398(d)(2)(D). Otherwise, the debtor is barred from making the election. *Id.* An individual debtor's failure to make the election causes the income tax liability for the entire year to be a postpetition liability of the debtor individually. *Id.* at § 1398(d)(1). As such, it is not a claim against the bankruptcy estate, and it is not entitled to priority under either 11 U.S.C. § 507(a)(8) as a prepetition tax claim or under 11 U.S.C. § 503(b)(1)(B)(i) as an administrative tax expense. *In re Johnson,* 190 B.R. 724, 726–27 (Bankr.D.Mass.1995), and authorities cited therein, including S.Rep. No. 1035, 96th Cong., 2d Sess. 25, 26 (1980) U.S.Code Cong. & Admin.News 1982 at pp. 7095, 7108, 7109.

■ Since the debtor in this case, Theodore Smith, failed to make the election under Section 1398(d)(2)(A) of the Internal Revenue Code before the due date for his 1993 tax return, his 1993 federal income tax liability was his personal, postpetition obligation. Although 11 U.S.C. § 502(i) provides that a tax priority claim arising after a bankruptcy case is filed is to be treated as a prepetition claim, this section is inapplicable because Debtor's 1993 federal income tax liability is not a claim against the bankruptcy estate. *In re Mirman,* 98 B.R. at 745. Consequently, Debtor was not entitled to use property of the bankruptcy estate to pay his 1993 federal income taxes.

■ Because the Debtor is attempting to assert the validity of the postpetition tax payment, the Debtor has the burden of proof to establish the validity of the transfer. Bankr.Rule 6001. The Debtor did not present evidence that would establish by a preponderance of the evidence that estate assets were not used to pay his 1993 federal income taxes. To the contrary, the check used to pay these taxes was signed by Debtor with the handwritten designation of debtor in possession. Consequently, the Chapter 11 Trustee may avoid the 1993 federal income tax payment of $20,692.00 under 11 U.S.C. § 549(a) as an unauthorized postpetition transfer. Further, on Count III the Trustee may recover this amount from the defendant Theodore Smith for whose personal benefit the transfer was made. *Id.* at § 550(a)(1).

### B. Counts I and II Settlement with IRS.

■ The court cannot approve the settlement of Counts I and II between the Chapter 11 Trustee and the IRS. Settlements are to be encouraged, and it is not this court's intention to discourage settlements. *In re Sassalos,* 160 B.R. 646, 653 (D.Or.1993); *In re New York, New Haven and Hartford Railroad Co.,* 632 F.2d 955, 959–960 (2d Cir. 1980). However, it is also the obligation of a bankruptcy court to review independently a proposed compromise to determine whether it is fair and equitable and in the best interests of the bankruptcy estate. As stated by the U.S. Supreme Court in *TMT Trailer Ferry v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1, 9 (1968):

> Compromises are 'a normal part of the process of reorganization' .... In administering reorganization proceedings in an economical and practical manner it will

often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts. At the same time, however, it is essential that every important determination in reorganization proceedings receive the 'informed, independent judgment' of the bankruptcy court.... The fact that courts do not ordinarily scrutinize the merits of compromises involved in suits between individual litigants cannot affect the duty of a bankruptcy court to determine that a proposed compromise forming part of a reorganization plan is fair and equitable.

(Citations omitted.).

■ The problem with this settlement is not that the Trustee settled a $20,692.00 joint and several claim against IRS for $10,346.00. Rather, other terms of the settlement make it not fair and equitable or in the best interests of the bankruptcy estate. First, the IRS is given a claim against the estate for the settlement payment that is entitled to priority treatment under 11 U.S.C. § 507(a)(8). As a matter of law, however, the IRS' claim against Theodore Smith for his 1993 income taxes is not entitled to priority treatment against creditors of the bankruptcy estate. Indeed, it does not even constitute a claim against the bankruptcy estate. Further, since the bankruptcy estate has been represented as administratively solvent and able to pay its priority obligations in full, this proposed settlement provides no net benefit to the bankruptcy estate or its creditors whatsoever. It is merely a pass through. The IRS pays a settlement and receives an identical amount back as a manufactured priority claim.

Second, the settlement is purported to be without prejudice to the Trustee's rights against the Debtor. However, this term of the settlement is incorrect. The Trustee's rights against the Debtor will be prejudiced by the IRS settlement because the Trustee can collect the avoided transfer only once. 11 U.S.C. § 550(d). After the IRS has paid its settlement amount of $10,346.00 to the Trustee, the Trustee may only collect the other 50% of the total tax payment from the Debtor. The Debtor will therefore receive a windfall benefit of $10,346.00 of the avoided transfer that can no longer be recovered from him. The bankruptcy estate and its creditors will lose the benefit of a like amount because the IRS pass through settlement payment would create an identical claim against the bankruptcy estate that did not otherwise have a legal basis. For these reasons, the Trustee's motion to approve the settlement with the IRS must be denied as neither fair and equitable nor beneficial to the bankruptcy estate.

## IV. Conclusion

For the reasons stated, Debtor's 1993 federal income tax payment from assets of the bankruptcy estate will be avoided as an unauthorized postpetition transfer; and a judgment will be entered in favor of the Trustee and against Debtor on Count III in the amount of $20,692.00. Further, the Trustee's motion to approve the stipulated settlement with the IRS on Counts I and II will be denied.