## In re ESTATE OF Virgil B. LaROSA, and Joan Larosa, Debtors.

### No. 03–4115.

United States Bankruptcy Court, N.D. West Virginia.

Feb. 28, 2007.

Judy L. Shanholtz, McNeer Highland McMunn and Varner, LC, Clarksburg, WV, for Debtors.

## MEMORANDUM OPINION

PATRICK M. FLATLEY, Bankruptcy Judge.

On June 17, 2006, Virgil B. LaRosa died. His Chapter 11 bankruptcy case is continuing to be jointly administered with that of his spouse, Joan LaRosa. Judy L. Shanholtz and the law firm of McNeer, Highland, McMunn and Varner, L.C. ("MHMV"), counsel for the Chapter 11 debtors-in-possession Virgil and Joan La-Rosa (the "Debtors"), filed an application with the court to approve the employment of MHMV as special counsel for the administration of Virgil B. LaRosa's death estate. That application is opposed by Joseph and Dominick LaRosa ("JDL") on the basis that the Debtor's bankruptcy estate ought not have to pay the costs of unrelated probate and/or non-probate proceedings, and that, if the court approved the application, MHMV would be representing interests adverse to that of the bankruptcy estate, which is prohibited by 11 U.S.C. § 327(e).

The court held a telephonic hearing on the application on September 27, 2006, in Wheeling, West Virginia, at which time the court ordered the parties to submit supplemental briefing. That briefing is now complete, and for the reasons stated herein, the court will deny MHMV's application.

## I. BACKGROUND

On November 19, 2003, the Debtors filed their Chapter 11 bankruptcy petition, listing assets in excess of $3.3 million and liabilities of $5 million. JDL filed the only unsecured proof of claim in the case stating that they were owed about $4.5 million based on a pre-petition judgment. The Debtors have been disputing the amount and validity of that claim since the beginning of this case.

After Virgil B. LaRosa's death on June 17, 2006, Joan LaRosa was named executrix of his death estate. As part of her duties as executrix, Joan LaRosa is required to file Federal Form 706—which requires that an appraisal be done on all property of Virgil's death estate. On September 29, 2006, by the consent of the parties, this court granted the Debtors authorization to employ MHMV for the limited purpose of notifying State and County agencies about the current status of the bankruptcy case and to request a continuance of the requirement that Joan LaRosa make an appraisement of Virgil B. LaRosa's death estate.

## II. DISCUSSION

JDL asserts that the non-exempt property of the Debtors' bankruptcy estate may not be charged with the fees associated with administering Virgil B. LaRosa's death estate. Moreover, JDL asserts that a conflict of interest would exist should the court approve the retention of MHMV as special counsel for the administration of Virgil's death estate as well as being counsel for the Debtors inasmuch as MHMV owes a fiduciary duty to maximize recovery for creditors of the Debtors' bankruptcy estate and, if the application is approved, would also owe a duty to maximize recovery for the beneficiaries of Virgil's death estate.

### A. Deceased Debtors

■ Federal bankruptcy courts do not administer the estates of deceased debtors. *E.g., Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 1748, 164 L.Ed.2d 480 (2006) ("[T]he probate exception [to federal court jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."). Indeed, the Commission on the Bankruptcy Laws of the United States recommended as part of the Bankruptcy Reform Act of 1978 that "the Bankruptcy Act not be extended to administration of decedents' estates other than to the extent necessary to wind up the administration of the estate of debtors who die after the date of the petition." *Report of the Commission on the Bankruptcy Laws of the United States,* H.R. Doc. No. 137, 93rd Cong., 1st Sess. (1973). Federal Rule of Bankruptcy Procedure 1016 implements this policy by stating:

> If a reorganization ... is pending under chapter 11, ... the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death ... had not occurred.

Fed. R. Bankr.P. 1016.

In this case, the deceased debtor's spouse, Joan LaRosa, who is also a co-

debtor, is the executrix of the decedent's estate, and the case is proceeding, so far as possible, as if the death of Virgil B. LaRosa had not occurred. No plan has yet been filed in this case inasmuch as it is largely a two creditor dispute, and depending on the outcome of that dispute, the proposed plan will likely involve the disposition of property rather than being dependent on the future income of the deceased debtor. *See, e.g.,* 9 *Collier on Bankruptcy,* ¶ 1016.03 (Alan N. Resnick & Henry J. Sommer, eds. 15th ed. rev. 2006) ("[I]n many cases a successful plan will not depend on the future earnings or involvement of the debtor.... [I]t is conceivable that the debtor's estate could continue to be administered notwithstanding the death or insanity of the debtor.").

### B. Property of the Bankruptcy Estate and Property of a Debtor's Death Estate

As defined by statute, property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). What constitutes property of the bankruptcy estate is to be interpreted broadly. *United States v. Whiting Pools,* 462 U.S. 198, 204–05, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). What constitutes property of the bankruptcy estate for a Chapter 11 individual debtor after the commencement of the case is the subject of some controversy—especially in cases filed before the effective date of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act. *See, e.g., In re Prince,* 85 F.3d 314, 322–23 (7th Cir.1996) (classification of post-petition goodwill); *In re FitzSimmons,* 725 F.2d 1208, 1211 (9th Cir.1984) (distinguishing an individual Chapter 11 debtor's post-petition personal services from property of the estate). The bankruptcy estate does not include, however, any property, or the val-ue of such property, to the extent it is exempted by the debtor. 11 U.S.C. § 522(b) ("Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate....").

Thus, after the filing of a Chapter 11 petition, two estates exist—the bankruptcy estate, and the estate of the debtor to the extent that any legal or equitable interest of the debtor did not become property of the bankruptcy estate, and to the extent that post-petition property is not property of the bankruptcy estate. Importantly, the creation of a bankruptcy estate is to fulfill the purposes of the Bankruptcy Code, which "aims, in the main, to secure equal distribution among creditors." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.,* — U.S. —, —, 126 S.Ct. 2105, 2109, 165 L.Ed.2d 110 (2006). To achieve this goal, the bankruptcy estate is treated as a separate entity from the debtor. This separate treatment is evident in the Bankruptcy Code. For example, special rules apply to creditors that seek to obtain property of the estate as opposed to property of the debtor, the bankruptcy estate acquires interests in property beyond that which the debtor had as of the petition date, a debtor is allowed to remove specified property from the ambit of the bankruptcy estate, and the bankruptcy estate has a separate tax identification number. *See* §§ 362(a) (separating the effects of the automatic stay as between the debtor and the estate); 522 (allowing the debtor to exempt certain property to the exclusion of the estate); 541(a) (defining property of the estate, which extends beyond that of the individual debtor); 544 (granting the trustee, as the representative of the bankruptcy estate, certain rights to property that are not available to the debtor); *In re Mirman,* 98 B.R. 742, 745 (Bankr.E.D.Va.1989) ("[W]hen an individual's Chapter 7 or

Chapter 11 proceeding commences, a separate taxable entity is created ... and [it] is completely distinct from the individual[']s [estate] for income tax purposes."). Furthermore, the Bankruptcy Code specifically defines an estate to be an "entity" 11 U.S.C. § 101(15). This background gives context to the comments made in the legislative history to § 541 of the Bankruptcy Code concerning the difference between the bankruptcy estate and a decedent's estate:

> Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the estate, and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts.

HR Rep. No. 595, 95th Cong., 1st Sess. 367–68; S.Rep. No. 989, 95th Cong., 2nd Sess. 82–83 (1978). *See also In re Gridley*, 131 B.R. 447, 451 (Bankr.D.S.D.1991) (finding no violation of the automatic stay by opening a probate proceeding after the filing of a Chapter 7 case because "[p]robate is concerned with exempt assets and any assets that have come into existence after the bankruptcy petition has been filed" and "everything up to the time of bankruptcy filing is handled by the bankruptcy court and everything post-petition and after death is administered by the probate court.")

## C. Bankruptcy Estate Payment for Legal Fees Incurred in Administration of a Decedent's Estate

Joan LaRosa seeks to have this court approve the application for employment of MHMV as legal counsel for Virgil B. La-Rosa's death estate, and to approve the payment of those legal expenses and costs out of funds belonging to the bankruptcy estate, *i.e.*, at the expense of the bankruptcy estate's only unsecured creditor—JDL. The contemplated services to be performed by MHMV include: providing assistance to Joan LaRosa as it relates to the administration of Virgil B. LaRosa's death estate under West Virginia law; preparation of a federal estate transfer tax return (Form 706); preparation of appraisals, inventories, and reports for West Virginia authorities pursuant to W. Va.Code § 44–1–14; and such other legal services as may be necessary on behalf of Virgil B. LaRosa's death estate in the pending bankruptcy case and related adversary proceedings. Additionally, MHMV contends that all transfers of real and personal property that occurred within three years of the decedent's death for less than adequate consideration must be reported. MHMV asserts that a debtor-in-possession has the obligation to file these reports on the basis that the estate is in possession of property of the decedent's estate, and that Virgil B. LaRosa's transfer of property to the bankruptcy estate was not related to a bona fide sale for the adequate and full consideration in money or money's worth, which would otherwise permit that transfer to be excluded under Internal Revenue Code § 2035(d).

■ JDL asserts that the bankruptcy estate will not receive any benefit from the approval of MHMV's application to be appointed as special counsel for the administration of Virgil B. LaRosa's death estate. The court agrees.

■ Section 327(e) of the Bankruptcy Code allows special purpose employment, the purpose of which is generally to allow

the continuation of an attorney's employment when the debtor is involved in complex litigation before the petition date and changing attorneys in the middle of the case would be detrimental to the progress of the pre-petition litigation. 11 U.S.C. § 327(e); H.R. No. 95–595 (1978). When a bankruptcy estate may benefit from the administration of a deceased debtor's death estate, however, the trustee may seek the appointment of special counsel pursuant to § 327(e). *In re Schuler,* 354 B.R. 37, 44 (Bankr.W.D.N.Y.2006); *see also Vining v. Taunt (In re M.T.G., Inc.),* 298 B.R. 310, 318 (E.D.Mich.2003) (holding that no requirement exists that the proposed attorney must have previously represented the debtor with respect to those specified special purposes). To hire special counsel under § 327(e), the trustee, or debtor-in-possession, must show, inter alia, that the representation is in the best interest of the estate, and the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.),* 323 B.R. 403, 406 (D.Del.2005).

█ An attorney's employment under § 327(e) is in the best interests of the bankruptcy estate when: (1) "property of the estate is threatened and the need for services is real;" and (2) special counsel provides some benefit to the estate—not merely to the debtor—which benefit is "gauged by needs of the estate and whether it is directly related to the debtor in possession's performance of duties under the bankruptcy code." *Ferrara & Hantman v. Alvarez (In re Engel),* 124 F.3d 567, 575 (3rd Cir.1997). Retention of

counsel under § 327(e) is merely the preliminary step—compensation of special counsel requires a separate analysis under § 330(a), and compensation is only to be awarded for the "actual, necessary services rendered by the ... attorney...." 11 U.S.C. § 330(a)(1)(A). No compensation is appropriate for "services that were not— (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the estate." § 330(a)(4)(A)(ii)(I-II).

In this case, property of the Debtors' Chapter 11 bankruptcy estate came into existence as of the petition date. The only property that Virgil B. LaRosa was possessed of as of the date of his death was that which was exempted under the Bankruptcy Code, or acquired after the petition was filed (to the extent it was not postpetition property of the estate under § 541). In addition, Virgil B. LaRosa had a contingent interest in the bankruptcy estate to the extent that a surplus may exist after his creditors will either be paid in full, or to the extent that his creditors may agree to some other treatment pursuant to the terms of a confirmed Chapter 11 plan that can be approved by the court. It is axiomatic that the bankruptcy court administers property of the bankruptcy estate pursuant to the provisions of the Bankruptcy Code—the court is not guided by state probate and nonprobate law on how to distribute assets that do not belong to the deceased debtor.[1]

The employment of MHMV as special counsel for the administration of the estate of Virgil B. LaRosa will serve to benefit the beneficiaries of his death estate—not the bankruptcy estate. MHMV has not proven how its assistance to Joan LaRosa

---

**1.** MHMV asserts that the bankruptcy estate is like a trust that the debtor has the power to revoke. That analogy is inaccurate. While a debtor has prudential standing to move to dismiss a Chapter 11 case, that dismissal may only be granted by the court for cause, and a court's determination that a case should be dismissed is guided by the best interest of the creditors test. 11 U.S.C. § 1112(b).

in administering Virgil's death estate would protect the bankruptcy estate from threatened actions, or further the performance of a debtor-in-possession's duties under the Bankruptcy Code. The court doubts that MHMV would have any "claim" against the bankruptcy estate for its contemplated services. *See* 11 U.S.C. § 101(5)(A) (defining a "claim" to be a "right to payment" from the bankruptcy estate); *In re Schuler*, 354 B.R. at 44 (stating that counsel for the deceased debtor's estate really served the interests of the deceased debtor's spouse; therefore, counsel's "claim" against the bankruptcy estate was disallowed and the court directed counsel to seek compensation from either the spouse or from assets that were exempted from property of the estate).

Moreover, MHMV is already approved as counsel to the debtors-in-possession. To the extent that property of the bankruptcy estate overlaps with that of Virgil B. LaRosa's death estate for probate, non-probate and/or tax purposes (no overlap exists for purposes of the Bankruptcy Code), MHMV already has the opportunity to request approval of fees and expenses for services that benefit the bankruptcy estate, such as, if applicable, obtaining updated appraisals of property, and/or obtaining a higher basis for property to be sold under the plan. At that time, MHMV will have the opportunity to demonstrate that the performed service was actual and necessary to the administration of the bankruptcy case pursuant to 11 U.S.C. § 330. In sum, MHMV has failed to demonstrate that the creditors of the Debtors' bankruptcy estate should bear the burden of paying for the administration of Virgil B. LaRosa's death estate when property of the bankruptcy estate is separate from the property that Virgil B. LaRosa owned at his death, and when the administration of the death estate has not been proven to have any impact on the administration of the bankruptcy estate for purposes of the Bankruptcy Code.

## III. CONCLUSION

For the above stated reasons, the court will deny MHMV's application to be employed as special counsel to the Debtors for the purpose of administrating the death estate of Virgil B. LaRosa. Given the court's disposition of this issue, it is not necessary to address whether MHMV would hold any interest adverse to the bankruptcy estate under § 327(e) that would prohibit their employment as special counsel. The court will enter a separate order pursuant to Fed. R. Bankr.P. 9021.