**In re Richard C. WEISBERG, Debtor.**

**Bankruptcy No. 97–30006DAS.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 21, 1998.

September hearings. We will do so in our ac-

Andrew N. Schwartz, Philadelphia, PA, trustee.

Paul B. Maschmeyer, Ciardi, Maschmeyer & Karalis, PC, Philadelphia, PA, for trustee.

Eric L. Frank, Philadelphia, PA, for debtor.

Thomas M. Roth, IRS District Counsel, Philadelphia., PA, for IRS.

Joseph Restifo, New York State Department of Taxation and Finance, Bankruptcy Unit, Albany, NY, representative of NYSDTF.

Frederic Baker, Asst. U.S. Trustee, Philadelphia, PA.

*ORDER/MEMORANDUM*

David A. SCHOLL, Chief Judge.

AND NOW, this 21st day of October, 1998, upon consideration of the Debtor's Motion for Order Setting Deadline for Taxing Authorities to Examine Debtor's 1997 Short Year Tax Returns ("the Motion"), and a companying order, mooting Longo's motion.

hearing of October 15, 1998, at which only the Internal Revenue Service ("the IRS") appeared to contest same, it is hereby ORDERED AND DECREED as follows:

1.  The Motion is granted in part.

2.  The New York State Department of Taxation and Finance ("NYSDTF") shall have 60 days from the date of this Order to notify Andrew Schwartz, Trustee, and the Debtor that the Debtor's short-year income tax returns for the period January 1, 1997 to August 14, 1997 ("the Returns"), have been selected for examination.

3.  If the Returns are selected for examination by the NYSDTF pursuant to paragraph 2 above, the NYSDTF shall have 180 days from the date of this Order to complete such examination or such additional time as this Court, for cause, may permit.

4.  If the NYSDTF does not request an examination within the time period set forth in paragraph 2 above or complete an examination within the time period set forth in paragraph 3 above, the Debtor's tax liability for the period covered by the Returns shall be conclusively determined to be the respective amounts set forth in the tax returns for said time period previously filed by the Debtor prior to the filing of the Motion.

The Motion arises in an asset Chapter 7 case which featured a dispute between the Debtor and his now ex-wife's attorneys, now settled, which was reported at 218 B.R. 740. It purports to be based upon 11 U.S.C. § 505, which provides as follows:

## § 505. Determination of tax liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction

before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claims; or

(ii) a determination by such governmental unit of such request.

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits;

(2) upon payment of the tax determined by the court, after notice and a hearing, after completion by such governmental unit of such examination; or

(3) upon payment of the tax determined by such governmental unit to be due.

(c) Notwithstanding section 362 of this title, after determination by the court of a tax under this section, the governmental unit charged with responsibility for collection of such tax may assess such tax against the estate, the debtor, or a successor to the debtor, as the case may be, subject to any otherwise applicable law.

The pertinent facts are that the Debtor filed requests for large refunds from the IRS and the NYSDTF. The refunds were paid to the Trustee, who will proceed to distribute same to the Debtor's creditors. The Debtor fears that the IRS or the NYSDTF may review his returns within the normal statutory periods to do, represented be three years in the case of the IRS. If such a review ultimately results in a determination that the refunds were erroneously excessive, it was represented that the Debtor may be obligated to repay the refunds, even though his creditors, and not the Debtor himself, will have received the benefit of the refunds.

In order to correct this perceived inequity, the Debtor requests that we shorten the normal statutory periods to review his returns to 60 days from the date of this order, in which time the Trustee will presumably not have made a distribution, and the refunds, if found erroneous, can be recovered from the Trustee rather than repaid by the Debtor.

■ The NYSDTF did not respond to the Motion. We will therefore enter an order against it. We note that this order is valid only if the NYSDTF was properly served pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(6). *Cf. In re Green*, 89 B.R. 466, 469 (Bankr.E.D.Pa.1988) (failure to properly service the IRS renders an order entered against it void).

The IRS did appear and contested the Motion, arguing principally that this court lacked jurisdiction to decide the Motion because, even under the debtor-friendly holding of *In re Schmidt*, 205 B.R. 394, 397 (Bankr. N.D.Ill.1997), there was no "actual controversy" presently at issue permitting § 505(a) to be invoked. *Cf. In re LaBrum & Doak, LLP*, 222 B.R. 749, 753, 755 (Bankr.E.D.Pa. 1998) (28 U.S.C. § 1334(b) is the statutory limit on jurisdiction of a matter based upon § 505(a)).

■ The difficulty which we have with the Debtor's position is probably not properly framed as jurisdictional. It is simply that the Debtor, without authority to do so, is attempting to alter the taxing authorities' statutory rights. While § 505(b) permits such an alternative for the purposes of settling a debtor's tax liability during a reorganization, that Code section provides for no such relief as to refunds. Since express statutory authority appears necessary to create such rights as to liabilities, the absence of a statutory reference to tax refunds appears to us to foreclose such rights. We do not think the contingency that the Debtor could be liable for repayment of an erroneously-allowed refund is a circumstance which merits relief which we deem both statutorily unauthorized and quite extraordinary.

For this reason, the relief sought is denied against the IRS.